Joseph Santangelo, Jr., Respondent, and Joseph Santangelo, Respondent-Appellant, v City of New York, Appellant-Respondent, et al., Defendant.—In a negligence action to recover damages for personal injuries, etc., the cross appeals are from an interlocutory judgment of the Supreme Court, Kings County, entered July 22, 1977, which, after a jury trial on the issue of liability only, was in favor of (1) Joseph Santangelo, Jr., against the City of New York and (2) the City of New York against Joseph Santangelo, Sr. Interlocutory judgment modified, on the law, by deleting the second decretal paragraph thereof. As so modified, interlocutory judgment affirmed and new trial granted as to the derivative cause of action of Joseph Santangelo, Sr., with costs to plaintiff to abide the event. Plaintiff Joseph Santangelo, Jr., was injured while attending an ice hockey clinic conducted by defendant the Greater New York City Ice Hockey League, Inc. (league). The clinic was held in a skating rink owned by defendant the City of New York. The city charged each participant an admission fee to enter the rink. The jury found that the injury resulted from an improperly supervised hockey drill. The city claims that it had no control over the ice hockey drill. A municipality, however, has the duty to provide general supervision to

protect park invitees from foreseeable dangers while using park facilities *(Caldwell v Village of Is. Park,* 304 NY 268). The city and the league shared responsibility for supervision over the ice hockey players. The city was properly found liable to Joseph Santangelo, Jr., for his injury resulting from the city's failure to properly provide general supervision over the hockey drill. Trial Term dismissed the derivative cause of action of Joseph Santangelo, Sr., because he had signed a release on behalf of his son exempting the city and the league from liability. The release stated: "Acknowledging that the sport of ice hockey is a hazardous activity, I agree that neither The Greater New York City Ice Hockey League, Incorporated nor The City of New York, Department of Parks, Recreation And Cultural Affairs Administration shall be liable to me for any injury or damage resulting directly or resulting indirectly from my participation in the * * * program, whether incurred on the ice or otherwise." Joseph Santangelo, Jr., being a minor, was not bound by the release. His father is also not bound by the release. His cause of action is derivative and "draws its life from the existence of the cause of action which inures to the benefit of the infant" *(Kotary v Spencer Speedway,* 47 AD2d 127, 129). Moreover, the release only pertains to an injury resulting from participation in the ice hockey clinic and not to a derivative cause of action based on the father's loss of services. Accordingly, the derivative cause of action should be reinstated. Martuscello, J. P., Damiani, Hawkins and O'Connor, JJ., concur.