■ YOUSSEF OUACHTOUKI et al., Appellants, v NEERG SECOND CORP., Respondent. [686 NYS2d 790] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated January 9, 1998, as denied their motion for partial summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

The infant plaintiff was born in Morocco on February 7, 1991. In December 1994 she and her mother came to the United States to live with her father in an apartment in a building owned by the defendant. The defendant acquired the building, which was in foreclosure, at around the same time. In September 1995, during a routine pediatric examination, the infant was diagnosed with elevated blood-lead levels. After

inspection by the New York City Health Department showed the presence of lead paint, the defendant was directed to correct the problem. The lead paint problem was eventually abated by the defendant after the plaintiffs finally agreed to vacate the premises while the abatement process was undertaken.

The plaintiffs thereafter commenced this suit to recover damages allegedly sustained from that lead poisoning. Their motion for partial summary judgment as to liability was properly denied. The defendant, as a landowner, is liable for a defective condition when it had notice of the defective condition as well as a reasonable opportunity to cure it (*see, Busto v Tamucci,* 251 AD2d 441). The defendant raised a factual question as to whether it had timely attempted to remedy or abate the lead paint condition complained of, but was thwarted by the plaintiffs' refusal to vacate the apartment, and whether that refusal was justified.

Accordingly, the plaintiffs' motion was properly denied. S. Miller, J. P., Florio, McGinity and Luciano, JJ., concur.