■ KARLA PEREZ, an Infant, by Her Mother and Natural Guardian, ROSA PEREZ, et al., Respondents, v CAROLE B. WARD et al., Appellants. [706 NYS2d 160] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Westchester County (Nastasi, J.), entered June 25, 1999, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

It is well settled that for a landlord to be liable for injuries resulting from a hazardous lead condition, it must be established, *inter alia,* that the landlord had actual or constructive notice of the condition for such a period of time that, in the exercise of reasonable care, it should have been corrected (*see, Putnam v Stout,* 38 NY2d 607).

In the instant case, the defendants received notice of the hazardous condition several weeks after the initial diagnosis of the infant plaintiff's condition. After the defendants made out

a prima facie case for summary judgment, the plaintiffs, in opposition, submitted evidence that the infant plaintiff may have sustained additional injury by continuing to ingest lead paint chips after the defendants had notice. The Supreme Court properly concluded that there are issues of fact whether, once the defendants had actual notice of the hazardous condition, they took reasonable and diligent efforts to abate the condition (*see, Andrade v Wong,* 251 AD2d 609; *Brown v Marathon Realty,* 170 AD2d 426; *see also, Juarez v Wavecrest Mgt. Team,* 88 NY2d 628). O'Brien, J. P., S. Miller, Friedmann and Smith, JJ., concur.