■ Khadija Bellony, an Infant, by Her Mother and Natural Guardian, Joyce Miller, et al., Respondents, v Douglas R. Siegel et al., Appellants. [732 NYS2d 647] —In an action to recover damages for personal injuries, etc., the defendants Douglas R. Siegel and Nan Min appeal from so much of an order of the Supreme Court, Queens County (Satterfield, J.), entered July 12, 2000, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them, and the defendant Citibank N.A. separately appeals from so much of the same order as denied its separate motion for summary

judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with one bill of costs payable by the defendants appearing separately and filing separate briefs.

The plaintiffs allege that the infant plaintiff, Khadija Bellony, suffered lead poisoning as a result of exposure to lead paint in a two-family house leased from the defendants Douglas R. Siegel and Nan Min, and subsequently owned pursuant to foreclosure by the defendant Citibank N.A. To establish that a landlord is liable for a lead-paint condition, the plaintiffs must demonstrate that the landlord had actual or constructive notice of, and a reasonable opportunity to remedy, the hazardous condition (*see, Chapman v Silber,* 97 NY2d 9; *Juarez v Wavecrest Mgt. Team,* 88 NY2d 628, 646; *Ouachtouki v Neerg Second Corp.,* 259 AD2d 604, 605). After the defendants made out a prima facie case for summary judgment, the affidavit of the plaintiffs' medical expert was sufficient to raise a triable issue of fact regarding whether the infant plaintiff suffered additional damages subsequent to the defendants receiving notice of the condition. Thus, the Supreme Court correctly denied the defendants' motions for summary judgment (*see, Perez v Ward,* 271 AD2d 590, 591). Krausman, J. P., S. Miller, Smith and Crane, JJ., concur.