■ JUANITA T. BROWN et al., Appellants, v ANTHONY PAUL, Respondent, et al., Defendant. [736 NYS2d 415] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Price, J.), dated August 9, 2000, which granted the motion of the defendant Anthony Paul for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated insofar as asserted against the respondent.

The infant plaintiff allegedly suffered lead poisoning as a result of exposure to lead paint in her apartment in a building owned by the respondent. To establish that a landlord is liable for a lead-paint condition, a plaintiff must demonstrate that the landlord had actual or constructive notice of, and a reasonable opportunity to remedy, the hazardous condition (*see, Chapman v Silber,* 97 NY2d 9; *Juarez v Wavecrest Mgt. Team,* 88 NY2d 628; *Bellony v Siegel,* 288 AD2d 411). The respondent correctly contends that he cannot be charged with constructive notice of the alleged lead-paint condition pursuant to the Administrative Code of the City of New York, since the building is not a multiple dwelling (*see, Juarez v Wavecrest Mgt. Team, supra*). However, even in the absence of any applicable legislation, the plaintiffs raised a triable issue of fact as to whether the respondent had constructive notice under the circumstances of this case (*see, Chapman v Silber, supra*). Therefore, the respondent's motion for summary judgment dismissing the complaint insofar as asserted against him should have been denied. Altman, J.P., Feuerstein, O'Brien and H. Miller, JJ., concur.