■ ANNY BATISTA et al., Respondents, v ETWAREA MOHABIR et al., Appellants. [737 NYS2d 117] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (Polizzi, J.), dated October 27, 2000, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The infant plaintiff allegedly suffered lead poisoning as a result of exposure to lead-based paint while residing in a single-family house leased by her mother from the defendants. The defendants moved for summary judgment dismissing the complaint, and submitted evidence that they had no actual or constructive notice of a dangerous lead paint condition on the premises until after the infant plaintiff was hospitalized for lead poisoning. In opposition, the plaintiffs asserted that the defendants may have received actual notice of the presence of lead-based paint before the infant plaintiff's hospitalization.

It is well settled that to impose liability upon a landlord for injuries resulting from a defective condition upon the premises, the plaintiff must establish that the landlord had actual or constructive notice of the condition for such a period of time that, in the exercise of reasonable care, it should have been remedied (see, Juarez v Wavecrest Mgt. Team, 88 NY2d 628, 646). Thus, in opposition to the defendants' prima facie showing of entitlement to summary judgment, the plaintiffs had to lay bare their proof as to the defendants' actual or constructive notice of the alleged lead paint condition (see, Haider v Rahim, 273 AD2d 442; Perez v Ward, 271 AD2d 590, 590-591; Smith v Saget, 258 AD2d 641, 642; Andrade v Wong, 251 AD2d 609, 610). The plaintiffs failed to meet this burden (see, Brown v Marathon Realty, 170 AD2d 426, 427).

The only proof adduced by the plaintiffs as to the defendants' alleged notice of the lead paint condition on the premises before the infant plaintiff's hospitalization on February 23, 1995, was the defendant Chananlall Mohabir's deposition. He testified, inter alia, that he received a letter from the New York City

Department of Health (hereinafter the NYCDOH) "around in February [of 1995]" notifying him that the house contained lead-based paint. However, the documentary evidence conclusively establishes that the NYCDOH conducted a lead inspection on March 2, 1995, and, upon the finding of lead paint violations, issued an order to abate nuisance dated March 20, 1995. Moreover, the plaintiff mother testified at her deposition that the lead inspection was performed at the premises during the time that the infant plaintiff was hospitalized.

Accordingly, the plaintiffs failed to raise a triable issue of fact as to whether the defendants had actual or constructive notice of a chipped or peeling paint condition in the leased premises (*see, Chapman v Silber,* 97 NY2d 9; *Pacheco v Fifteen Twenty Seven Assoc.,* 275 AD2d 282, 284; *Columbus Trust Co. v Campolo,* 110 AD2d 616, 617, *affd* 66 NY2d 701; *Gervasio v Di Napoli,* 134 AD2d 235, 237; *Assing v United Rubber Supply Co.,* 126 AD2d 590, 591). Therefore, the defendants are entitled to summary judgment dismissing the complaint. Santucci, J.P., Feuerstein, Goldstein and Schmidt, JJ., concur.