■ SHAVON PATTERSON et al., Appellants, v ULLA BRENNAN, Defendant, and WESTHAB, INC., Respondent. [740 NYS2d 96] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated June 11, 2001, which granted the motion of the defendant Westhab, Inc., for summary judgment dismissing the complaint insofar as asserted against it, and (2) a judgment of the same court, entered June 21, 2001, which, upon the order, dismissed the complaint insofar as asserted against the defendant Westhab, Inc.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the motion is denied without prejudice to renew after the completion of discovery, the complaint insofar as asserted against the defendant Westhab, Inc., is reinstated, and the order dated June 11, 2001, is vacated; and it is further,

Ordered that the appellants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The plaintiff mother alleges that the infant plaintiffs

sustained lead poisoning as a result of exposure to the lead paint in apartments owned by the defendant Westhab, Inc. (hereinafter the defendant).

The defendant moved for summary judgment dismissing the complaint insofar as asserted against it. However, before the motion was filed, the parties appeared for a preliminary conference, and a preliminary conference order was issued, inter alia, directing that examinations before trial be scheduled pending a decision on the motion. Notwithstanding that order, the Supreme Court granted the defendant's motion for summary judgment and entered judgment dismissing the complaint insofar as asserted against the defendant before the scheduled examinations were completed.

To impose liability upon a landlord for a lead paint condition, a plaintiff must establish that the landlord had actual or constructive notice of and a reasonable opportunity to remedy the hazardous condition (*see Chapman v Silber,* 97 NY2d 9; *Bellony v Siegel,* 288 AD2d 411). A plaintiff may raise a triable issue of fact in opposition to a defendant landlord's claim of entitlement to summary judgment by demonstrating that the landlord "(1) retained a right of entry to the premises and assumed a duty to make repairs, (2) knew that the apartment was constructed at a time before lead-based interior paint was banned, (3) was aware that paint was peeling on the premises, (4) knew of the hazards of lead-based paint to young children and (5) knew that a young child lived in the apartment" (*Chapman v Silber, supra* at 15).

Here, the defendant retained a right of reentry to the premises. The plaintiff mother contends that the defendant received complaints of chipped and peeling paint and failed to remedy the condition. While the record demonstrates that the defendant was aware that the infant plaintiffs resided at the premises, the record is devoid of any information regarding the age of the premises and of the defendant's knowledge concerning the hazards of lead-based paint to young children. Because such information is within the defendant's exclusive knowledge and the defendant had yet to be deposed, the Supreme Court prematurely dismissed the complaint (*see* CPLR 3212 [f]; *Sazer v Marino,* 280 AD2d 537, 538; *Sweetland v Malone,* 223 AD2d 539). Altman, J.P., Florio, H. Miller and Cozier, JJ., concur.