■ MARCELA PARRA et al., Appellants, v MIGUEL A. LOPEZ et al., Respondents. [739 NYS2d 450] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Cowhey, J.), entered November 30, 2000, which denied their motion for summary judgment on the issue of liability and granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted the cross motion and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, with costs to the plaintiffs, and the complaint is reinstated.

The infant plaintiff allegedly sustained lead poisoning as a result of exposure to lead paint in an apartment rented from the defendants. She and her mother commenced this action to recover damages, inter alia, based on the defendants'

negligence. The Supreme Court denied the plaintiffs' motion for summary judgment on the issue of liability, and granted the defendants' cross motion for summary judgment dismissing the complaint. We modify.

Recently, the Court of Appeals held that, absent controlling legislation, a plaintiff tenant in a lead-paint poisoning case raises a triable issue of fact as to common-law negligence sufficient to defeat a motion for summary judgment by a defendant landlord by offering evidence that the landlord (1) retained a right of entry to the premises and assumed a duty to make repairs, (2) knew that the apartment was constructed at a time before lead-based interior paint was banned, (3) was aware that paint was peeling on the premises, (4) knew of the hazards of lead-based paint to young children, and (5) knew that a young child lived in the apartment (*see Chapman v Silber,* 97 NY2d 9, 15). Here, the defendants (1) retained the right of entry to the subject apartment, and, in fact entered the apartment to make repairs, (2) knew that the apartment was constructed at a time before lead-based interior paint was banned, (3) knew of the hazards of lead-based paint to young children, and (4) knew that a young child lived in the apartment. As to the remaining requirement, the plaintiffs raised a triable issue of fact that the defendants knew or should have known that paint was peeling in the apartment. Accordingly, the defendants' cross motion for summary judgment dismissing the complaint should have been denied (*see Chapman v Silber, supra; Brown v Paul,* 290 AD2d 469). Ritter, J.P., Goldstein, Friedmann and Luciano, JJ., concur.