■ BENITA ZAMAN et al., Appellants, v HAFAEZ K. PATWARY, Respondent. [743 NYS2d 172] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Golia, J.), dated August 21, 2001, as denied their cross motion for partial summary judgment on the issue of liability on the first cause of action in their complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the cross motion is granted.

From her birth in February 1997 and at all times thereafter, the infant plaintiff lived with her parents in a multiple dwelling owned by the defendant. It is undisputed that paint was peeling and chipping from the window frames and sills, walls, and ceilings in all the rooms, and that the defendant was aware both of this condition, and of the fact that the infant plaintiff resided in the premises. Her parents saw the infant plaintiff in the premises on numerous occasions with paint chips in her mouth.

In March 1999 the infant plaintiff was diagnosed with lead poisoning after becoming irritable and constipated with a loss of appetite. An October 12, 1999, inspection of the premises by the Department of Health (hereinafter the DOH) revealed 17 positive findings of illegal lead paint. In a separate report from

the same inspection date the paint condition was classified as "poor" throughout the premises. The DOH issued an order to abate nuisance after the inspection. The infant plaintiff and her father commenced this action against the defendant to recover damages for lead poisoning. The plaintiffs' subsequent cross motion for partial summary judgment on the issue of liability on the first cause of action in their complaint was denied, and this appeal ensued.

The plaintiffs were entitled to partial summary judgment on the issue of liability on their cause of action to recover damages for personal injuries resulting from the infant plaintiff's ingestion of lead paint. The plaintiffs met their burden of establishing that the infant plaintiff suffered from lead poisoning as a consequence of her ingestion of lead-based paint. The submission by the defendant of notations in the hospital record to the effect that spices taken from the premises were to be tested by the DOH for the presence of lead is insufficient to raise an issue of fact as to the source of the lead found in the infant plaintiff's system (*see Zuckerman v City of New York,* 49 NY2d 557; *Juarez v Wavecrest Mgt. Team,* 88 NY2d 628; *cf. Bellony v Siegel,* 288 AD2d 411, 412; *Gonzalez v Cheng,* 287 AD2d 595, 596, *lv denied* 97 NY2d 613). Feuerstein, J.P., Goldstein, McGinity and Crane, JJ., concur.