■ BRITTANEY DARDEN et al., Appellants, v FOOTHILL MOUNTAIN, INC., Respondent. [748 NYS2d 612] —In an action, inter alia, to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Phelan, J.), dated June 29, 2001, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted on behalf of the infant plaintiff Brittaney Darden, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the appellants.

The infant plaintiffs, Brittaney Darden and Joalisa Darden, allegedly suffered injuries from exposure to lead paint while residing in an apartment leased by their mother from the defendant. To establish that a landlord is liable for a lead paint condition, the plaintiffs must establish that the landlord had actual or constructive notice of, and a reasonable opportunity to remedy, the hazardous condition (see Chapman v Silber, 97 NY2d 9; Patterson v Brennan, 292 AD2d 582, 583).

In opposition to the defendant's prima facie showing of entitlement to summary judgment, the plaintiffs failed to come forward with evidence sufficient to raise a triable issue of fact as to whether the defendant had constructive notice of the lead paint condition (see Stover v Robilotto, 97 NY2d 9, 22). However, the plaintiffs did demonstrate the existence of an issue of fact as to whether the infant plaintiff Brittaney Darden suffered additional injuries after the defendant allegedly received actual notice of the condition (see Bellony v Siegel, 288 AD2d 411, 412; Perez v Ward, 271 AD2d 590). The affidavit of the plaintiffs' medical expert addressed only additional injuries allegedly sustained by Brittaney Darden, not any additional injuries that may have been sustained by Joalisa Darden. While there were some inconsistencies in the deposition testimony of the mother, Ella Darden, and her affidavit submit-

ted in opposition to the motion, her statements were not completely contradictory and, therefore, could be considered in opposition to the motion.

The plaintiffs' remaining contentions are without merit. Ritter, J.P., Altman, H. Miller and Cozier, JJ., concur.