■ MICHAEL B. McCABE et al., Appellants, v MARIA HANS, Respondent, et al., Defendant. [749 NYS2d 51] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Schmidt, J.), dated May 30, 2001, which granted the motion of the defendant Maria Hans for partial summary judgment dismissing so much of the complaint as seeks to recover damages based upon conduct which occurred prior to November 21, 1996.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and that portion of the complaint which seeks to recover damages based on conduct which occurred prior to November 21, 1996, is reinstated.

The infant plaintiff allegedly suffered lead poisoning as a result of exposure to lead paint while residing in a two-family house owned by the defendant Maria Hans. On November 20, 1996, the New York City Department of Health issued an order to abate nuisance. Hans moved for partial summary judgment limiting all claims regarding liability and damages to the period subsequent to November 20, 1996. The Supreme Court granted the motion. We reverse.

To establish that a landlord is liable for a lead-paint condition, a plaintiff must demonstrate that the landlord had actual or constructive notice of and a reasonable opportunity to remedy the hazardous condition (*see Chapman v Silber*, 97 NY2d 9; *Batts v Intrebor, Inc.*, 297 AD2d 692; *Parra v Lopez*, 293 AD2d 458; *Patterson v Brennan*, 292 AD2d 582; *Brown v Paul*, 290 AD2d 469).

To meet its initial burden of demonstrating the absence of

any triable issues of fact in a lead-poisoning case, a defendant must show that he or she had no prior actual or constructive notice of a dangerous lead-paint condition (*see Abreu v Huang,* 288 AD2d 410, 411). Here, Hans failed to make a prima facie showing of entitlement to summary judgment (*see Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557). Accordingly, her motion for partial summary judgment should have been denied. S. Miller, J.P., Krausman, Goldstein and Rivera, JJ., concur.