ESTEFANY VAZQUEZ et al., Appellants, v CELIO PREVOSTO et al., Defendants, and BIBI M. GARCIA et al., Respondents. [751 NYS2d 291] —In an action to recover damages for personal

injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Posner, J.), dated July 5, 2001, which granted the motion of the defendants Bibi Murenza Garcia and Fazal Mohamed for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The infant plaintiffs allegedly suffered lead poisoning as a result of exposure to lead paint while residing in a number of residences, including the one leased by their family from the defendants Bibi Murenza Garcia and Fazal Mohamed (hereinafter collectively referred to as the defendant landlords). To establish that a landlord is liable for a lead-paint condition, a plaintiff must establish that the landlord had actual or constructive notice of, and a reasonable opportunity to remedy, the hazardous condition (*see Chapman v Silber,* 97 NY2d 9; *Patterson v Brennan,* 292 AD2d 582). The defendant landlords correctly contend that they cannot be charged with constructive notice of the alleged lead-paint condition pursuant to the Administrative Code of the City of New York, since the building is not a multiple dwelling (*see Juarez v Wavecrest Mgt. Team,* 88 NY2d 628).

Furthermore, the defendant landlords made a prima facie showing of entitlement to judgment as a matter of law through submission of evidence demonstrating that they had neither actual nor constructive notice of a lead-based paint condition in the premises. Since the plaintiffs' opposition to the motion failed to raise a triable issue of fact concerning notice, the defendant landlords' motion was properly granted (*see Batista v Mohabir,* 291 AD2d 365). Smith, J.P., McGinity, Luciano and Crane, JJ., concur.