■ SHEENA WOODS et al., Appellants, v MARTHA E. ALVAREZ, Defendant and Third-Party Plaintiff-Appellant. HECTOR SALANDY et al., Third-Party Defendants-Respondents. [750 NYS2d 770] —In an action to recover damages for personal injuries, etc., the plaintiffs and the defendant third-party plaintiff separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), entered January 12, 2001, as, upon granting that branch of the motion of the third-party defendants which was, in effect, for leave to renew their prior motion for summary judgment dismissing the third-party complaint, granted the motion for summary judgment dismissing the third-party complaint.

■ SHEENA WOODS et al., Appellants, v MARTHA E. ALVAREZ, Defendant and Third-Party Plaintiff-Appellant. HECTOR SALANDY et al., Third-Party Defendants-Respondents. [750 NYS2d 771] —In an action to recover damages for personal injuries, etc., the plaintiffs and the defendant third-party plaintiff separately appeal from a judgment of the Supreme Court, Westchester County (Nicolai, J.), entered June 11, 2001, which, upon so much of an order of the same court, entered January 12, 2001, as, in effect, upon renewal, granted the motion of the third-party defendants for summary judgment, dismissed the third-party complaint. The notice of appeal of the defendant third-party plaintiff from the order entered January 12, 2001, is also deemed to be a notice of appeal from the judgment (*see* CPLR 5501 [a]).

Ordered that the appeal by the plaintiffs is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, so much of the order entered January 12, 2001, as, in effect, upon re-

newal, granted motion of the third-party defendant for summary judgment dismissing the third-party complaint is vacated, and the motion is denied; and it is further,

Ordered that one bill of costs is awarded to the defendant third-party plaintiff, payable by the third-party defendant.

The Supreme Court should have considered the additional evidence submitted in opposition to the third-party defendants' motion for summary judgment dismissing the third-party complaint as the evidence was submitted in response to a contention first made in the third-party defendants' reply papers (see *Teplitskaya v 3096 Owners Corp.*, 289 AD2d 477). Further, the Supreme Court should have denied the motion because there are issues of fact as to whether the third-party defendants made reasonable and diligent efforts to abate the lead paint condition in the house where the plaintiffs previously resided, after receiving actual notice of the condition, and whether the infant plaintiffs suffered additional injuries after the third-party defendants received actual notice (see *Bellony v Siegel*, 288 AD2d 411; *Perez v Ward*, 271 AD2d 590).

The plaintiffs' appeal must be dismissed because they are not aggrieved by the judgment (see CPLR 5511). Ritter, J.P., Altman, H. Miller and Cozier, JJ., concur.