■ JOSEPH GRIFFIN et al., Respondents, v ALBERT TAUTEL et al., Appellants. [752 NYS2d 897] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Berler, J.), dated February 4, 2002, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing those portions of the complaint which were based on the defendants' alleged negligence prior to June 30, 1997, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff Catherine Griffin commenced this action individually and on behalf of her infant son alleging that her son was exposed to lead paint while she was renting an apartment in a two-family home owned by the defendants. The defendants contend that they are not liable for the infant's initial injuries as they did not have notice of any peeling or

chipping paint in the premises prior to discovery of the dangerous condition (see *Batista v Mohabir,* 291 AD2d 365; cf. *Chapman v Silber,* 97 NY2d 9, 25). However, the defendants failed to meet their initial burden of establishing that they took any precautionary measures to prevent further exposure of the infant plaintiff between June 30, 1997, when they received actual notice of the hazardous condition from the Suffolk County Department of Health, and October 2000, when the plaintiffs vacated the premises (see *Perez v Ward,* 271 AD2d 590). Therefore, the defendants are entitled to summary judgment dismissing only those portions of the complaint which were based on their alleged negligence prior to June 30, 1997 (see *Alvarez v Prospect Hosp.,* 68 NY2d 320; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851; *Alexander v Westminster Presbyt. Church,* 291 AD2d 813). Ritter, J.P., Goldstein, Crane and Mastro, JJ., concur.