■ ANAYSHA VIDAL et al., Respondents, v ENRIQUETTA V. RODRIQUEZ et al., Appellants. [753 NYS2d 118] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Jackson, J.), dated September 4, 2001, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The infant plaintiff allegedly suffered injuries from exposure to lead paint while residing in an apartment leased from the defendants. The Supreme Court erred in relying on the Administrative Code of the City of New York in denying the defendant's motion for summary judgment dismissing the complaint, since the building at issue in this case is not a multiple dwelling (*see Juarez v Wavecrest Mgt. Team,* 88 NY2d 628; *Brown v Paul,* 290 AD2d 469). However, the order should be affirmed, pursuant to *Chapman v Silber* (97 NY2d 9). In that case, the Court of Appeals held that even in the absence of any applicable legislation, traditional common-law principles may render a landlord liable in a lead-paint exposure case under appropriate circumstances.

To establish that a landlord is liable for a lead-paint condition, the plaintiffs must establish that the landlord had actual or constructive notice of, and a reasonable opportunity to rem-

edy, the hazardous condition (see *Chapman v Silber, supra*; *McCabe v Hans,* 298 AD2d 565; *Batts v Intrebor Inc.,* 297 AD2d 692; *Parra v Lopez,* 293 AD2d 458; *Patterson v Brennan,* 292 AD2d 582; *Brown v Paul, supra*).

To meet its initial burden of demonstrating the absence of any triable issues of fact in a lead-poisoning case, a defendant must show that he or she had no prior actual or constructive notice of a dangerous lead-paint condition (see *McCabe v Hans, supra*). Here, the defendants failed to make a prima facie showing of entitlement to summary judgment (see *Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557). Accordingly, their motion for summary judgment was properly denied. Santucci, J.P., H. Miller, Schmidt and Townes, JJ., concur.