■ JONATHAN GALICIA et al., Appellants, v HENRY D. RAMOS, Respondent, et al., Defendants. [756 NYS2d 651] —In an action, inter alia, to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Garry, J.), dated November 20, 2001, as granted the cross motion of the defendant Henry D. Ramos for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, and the complaint is reinstated insofar as asserted against the defendant Henry D. Ramos.

The two infant plaintiffs were diagnosed as suffering from lead poisoning while residing in an apartment in premises owned by the defendant Henry D. Ramos. The plaintiff mother alleges that the lead poisoning was caused by exposure to chipping and peeling lead paint while the family resided in Ramos' premises. The children were also allegedly exposed to a hazardous lead paint condition after the family moved to a building owned by the codefendants John Iuliano and Frank Iuliano in June 1994.

After some discovery had been conducted, Ramos moved for summary judgment dismissing the complaint insofar as asserted against him, claiming that he did not have actual or constructive notice of a lead paint hazard in the plaintiffs'

apartment before the older child's diagnosis, and that the plaintiffs moved out of the apartment before the younger child was found to be suffering from lead poisoning. In support of his argument that he lacked constructive notice, Ramos contended that the premises was a two-family residence, and thus not subject to legislation which makes landlords of multiple dwellings chargeable with notice of any lead paint hazard within an apartment that the landlord knows is occupied by a young child (*see* Administrative Code of City of NY § 27-2056.4 [formerly § 27-2013 (h)]; *Juarez v Wavecrest Mgt. Team,* 88 NY2d 628, 647 [1996]). The Supreme Court granted Ramos' motion for summary judgment, finding that the premises was not a multiple dwelling, and that he did not otherwise have actual or constructive notice of the lead paint condition. We reverse.

In support of his motion, Ramos relied, inter alia, upon the deposition testimony of his mother, who described the premises as a two-family house, and evidence that the premises is classified as a two-family dwelling for tax purposes. However, in opposition to the motion, the plaintiffs came forward with evidence, including the affidavit of an investigator, indicating that the premises contains four separate rental units. Thus, there is an issue of fact as to whether the subject premises is a "multiple dwelling," which is defined as a dwelling occupied by "three or more families living independently of each other" (Multiple Dwelling Law § 4 [7]; *see also* Administrative Code of City of NY § 27-2004 [a] [7]), and, accordingly, whether Ramos can be charged with constructive notice of the hazardous lead paint condition pursuant to Administrative Code of City of NY § 27-2056.4 (formerly § 27-2013 [h]).

Furthermore, even if the presumption of notice created by the Administrative Code does not apply to this case, the record discloses issues of fact as to whether Ramos may be charged with constructive notice because he was aware of conditions indicating a lead paint hazard to young children (*see Chapman v Silber,* 97 NY2d 9, 21 [2001]; *Vidal v Rodriquez,* 301 AD2d 517 [ 2003]; *Patterson v Brennan,* 292 AD2d 582, 583 [2002]). The plaintiffs' evidentiary submissions also demonstrate issues of fact as to whether the older child, the infant plaintiff Jonathan Galicia, sustained additional injuries after Ramos received actual notice of the hazardous lead paint condition on November 18, 1993, whether the younger child, the infant plaintiff Elizabeth Genis, sustained her injuries after this actual notice was received and before the family's move, and whether Ramos made reasonable and diligent efforts to abate

the condition after receiving such actual notice (*see Woods v Alvarez,* 300 AD2d 301 [2002]; *Rudder v Skeete,* 291 AD2d 549 [2002]; *Perez v Ward,* 271 AD2d 590, 591 [2000]). Prudenti, P.J., Krausman, Goldstein and Schmidt, JJ., concur.