■ MARLON CHADWICK et al., Appellants, v CRAWFORD E. SABIN et al., Respondents, et al., Defendants. (Action No. 1.) MARLON CHADWICK et al., Plaintiffs, v ST. LUKE'S ROOSEVELT HOSPITAL CENTER et al., Defendants. (Action No. 2.) [757 NYS2d 470] —In two related actions to recover damages for personal injuries, etc., the plaintiffs in Action No. 1 appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (R. Goldberg, J.), dated February 19, 2002, as granted that branch of the motion of the defendants Crawford Edward Sabin and Sabarah P. Sabin which was for summary judgment dismissing the complaint in that action insofar as asserted against them by the plaintiffs Marlon Chadwick and Brenda Bennett.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is well settled that to impose liability upon a landlord for injuries resulting from a hazardous lead-paint condition upon the premises, a plaintiff must establish that the landlord had actual or constructive notice of the condition for such a period of time that, in the exercise of reasonable care, it should have been remedied (*see Juarez v Wavecrest Mgt. Team,* 88 NY2d 628, 646 [1996]; *Batista v Mohabir,* 291 AD2d 365 [2002]). In

multiple dwellings located in the City of New York, constructive notice of a hazardous lead-paint condition is presumed where the landlord has notice that a child under the age of six resides in the unit (*see* Administrative Code of City of NY § 27-2056.4; *Juarez v Wavecrest Mgt. Team, supra* at 647).

The defendant landlords made a prima facie showing of entitlement to judgment as a matter of law through submission of evidence demonstrating that the premises was not a multiple dwelling and that they had neither actual nor constructive notice of a lead-based paint condition on the premises (*see* CPLR 3212 [b]; Multiple Dwelling Law § 4 [1], [7], [15]; *Vazquez v Prevosto,* 300 AD2d 299 [2002]). The plaintiffs' evidentiary submissions failed to raise a triable issue of fact (*see Chapman v Silber,* 97 NY2d 9 [2001]; *Batista v Mohabir, supra*).

The plaintiffs' remaining contention is without merit (*see* CPLR 2221 [e]). Altman, J.P., Florio, Friedmann and Townes, JJ., concur.