In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Queens County (Colar, J), dated September 10, 2002, which denied her motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
To impose liability for a lead-paint hazard, a plaintiff must establish that the landlord had actual or constructive notice of and a reasonable opportunity to remedy the hazardous condition (see Chapman v Silber, 97 NY2d 9 [2001]; McCabe v Hans, 298 AD2d 565 [2002]). Further, the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any triable issue of fact from the case (see Zuckerman v City of New York, 49 NY2d 557 [1980]). The failure to make such a showing requires the denial of the motion regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]). The defendant failed to present any evidence regarding whether the subject house was built before or after the use of lead-based paint was barred, and of her lack of knowledge concerning the hazards which lead-based paint posed to young children (see Vidal v Rodriquez, 301 AD2d 517 [2003]; McCabe v Hans, supra; Patterson v Brennan, 292 AD2d 582 [2002]; see generally Chapman v Silber, supra). Accordingly, the defendant failed to establish her prima facie entitlement to judgment as a matter of law and her motion for summary judgment was properly denied. Altman, J.E, Smith, Friedmann and Crane, JJ., concur.