■ KAMRAN SHAFQAT et al., Appellants, v JAMIE BLACKMAN et al., Respondents. [792 NYS2d 141]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Jackson, J.), dated January 23, 2004, which, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs commenced this action alleging that the infant plaintiffs suffered lead poisoning as a result of exposure to lead paint while residing in the second floor rear apartment of the defendants' two-family house.

To impose liability upon a landlord for a lead-based paint condition, a plaintiff must establish that the landlord had actual or constructive notice of, and a reasonable opportunity to remedy, the hazardous condition (*see Chapman v Silber*, 97 NY2d 9 [2001]; *Chadwick v Sabin*, 304 AD2d 603 [2003]; *Batista v Mohabir*, 291 AD2d 365 [2002]).

Contrary to the plaintiffs' contention, the defendants established their entitlement to judgment as a matter of law by demonstrating that they did not have actual or constructive notice of the lead-based paint condition. In opposition, the plaintiffs failed to raise a triable issue of fact. Therefore, the defendants were entitled to summary judgment dismissing the complaint (*see Chadwick v Sabin, supra; Batista v Mohabir, supra*).

The plaintiffs' remaining contentions are unpreserved for appellate review. Prudenti, P.J., S. Miller, Ritter and Goldstein, JJ., concur.