■ ANA ALONSO et al., Respondents, v COUTINHO ENTERPRISES, LLC, Appellant, et al., Defendant. [824 NYS2d 924]—

In an action to recover damages for personal injuries, the defendant Coutinho Enterprises, LLC, appeals from an order of the Supreme Court, Westchester County (Colabella, J.), entered July 21, 2005, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The infant plaintiffs sustained lead poisoning as a result of exposure to lead paint in their apartment in a building owned and managed by the defendant Coutinho Enterprises, LLC (hereinafter Coutinho). The plaintiffs commenced this action, inter alia, to recover damages based on Coutinho's alleged negligence. The Supreme Court denied Coutinho's motion for summary judgment dismissing the complaint insofar as asserted against it. We affirm.

To impose liability on a landlord for a lead-based paint condition, a plaintiff must establish that the landlord had actual or constructive notice of, and a reasonable opportunity to remedy, the hazardous condition (*see Chapman v Silber*, 97 NY2d 9 [2001]; *Shafqat v Blackman*, 16 AD3d 574 [2005]; *Patterson v Brennan*, 292 AD2d 582 [2002]). As the Supreme Court properly determined, triable issues of fact exist requiring the denial of the motion (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Accordingly, Coutinho's motion for summary judgment dismissing the complaint insofar as asserted against it was properly denied. Florio, J.P., Miller, Spolzino and Dillon, JJ., concur.