■ GERALD HARDEN, Respondent, v WILLIAM TYNATISHON, Appellant. [856 NYS2d 134]—

The infant plaintiff was diagnosed with lead poisoning in early 2002 when he and his family were tenants in a house owned by the defendant. The Orange County Department of Health (hereinafter the DOH) inspected the premises on June 6, 2002, and, by notice dated June 12, 2002, informed the defendant that there were "conditions conducive to lead poisoning" at the house. The plaintiff's family members subsequently repainted the house.

The plaintiff commenced this action against the defendant to recover damages as a result of his exposure to lead paint during the period from 2000 to 2004. The defendant moved for summary judgment dismissing the complaint on the grounds that he lacked constructive notice of any dangerous lead-paint condition prior to receiving the DOH notice, and that any lead-paint condition had been remedied by the tenants before he received that notice. The Supreme Court denied the defendant's motion for summary judgment. We affirm.

"[A]bsent controlling legislation, a triable issue of fact is raised when a plaintiff shows that the landlord (1) retained a right of entry to the premises and assumed a duty to make repairs, (2) knew that the apartment was constructed at a time before lead-based interior paint was banned, (3) was aware that paint was peeling on the premises, (4) knew of the hazards of lead-based paint to young children and (5) knew that a young child lived in the apartment" (*Chapman v Silber*, 97 NY2d 9, 15 [2001]).

On his motion for summary judgment, the defendant failed to meet his prima facie burden of establishing that he lacked constructive notice of a hazardous lead condition at the premises (*see Molina v Belasquez*, 1 AD3d 489 [2003]). Moreover, the defendant failed to demonstrate the absence of triable issues of fact, since the deposition testimony of the tenants and of the defendant, submitted on the motion, presented questions of fact as to whether, inter alia, the defendant retained a right of re-entry and assumed a duty to make repairs at the property, and whether he was aware of the presence of children and of the dangers of lead paint (*see Molina v Belasquez*, 1 AD3d 489 [2003]; *Vidal v Rodriquez*, 301 AD2d 517 [2003]).

In addition, the evidence presented by the defendant failed to demonstrate that he took reasonable precautionary measures to remedy the hazardous lead condition after he received actual notice thereof from the DOH, or that the plaintiff did not sustain any additional injuries after the defendant received notice of this condition (*see Griffin v Tautel,* 301 AD2d 499 [2003]; *Bellony v Siegel,* 288 AD2d 411 [2001]). Thus, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Lifson, J.P., Ritter, Florio and Carni, JJ., concur.