■  ADL JOHNSON and Another, Infants, by Their Mother and Natural Guardian, ROBIN RICKETT EL-HANEFI, Appellants, v CAC BUSINESS VENTURES, INC., et al., Defendants, and 142 SOUTH ST. CORP. et al., Respondents. [859 NYS2d 646]—

Order, Supreme Court, New York County (Rosalyn Richter, J.), entered April 10, 2007, which granted the motions of defendants-respondents for summary judgment dismissing the complaint against them, unanimously modified, on the law, the motion on behalf of defendants Cannatello and CAC Business Ventures denied, and otherwise affirmed, without costs.

The infant plaintiffs allegedly sustained serious injuries from exposure to lead paint at each of the five separate residences where they lived at one time or another. However, since the premises involved in this appeal—197 First Street, 43 Johnson Street, 145 Washington Street and 142 South Street—are all located in Newburgh, the statutory obligation imposed on landlords by New York City Administrative Code § 27-2056.3 to abate certain lead paint hazards is not applicable. Instead, the pertinent legal standard is that prescribed in *Chapman v Silber*

(97 NY2d 9, 15 [2001]), which requires that in order to raise a triable question of fact, a plaintiff must show that the landlord "(1) retained a right of entry to the premises and assumed a duty to make repairs, (2) knew that the apartment was constructed at a time before lead-based interior paint was banned, (3) was aware that paint was peeling on the premises, (4) knew of the hazards of lead-based paint to young children and (5) knew that a young child lived in the apartment."

Plaintiffs failed to create an issue of fact as to whether the responding defendants had the requisite notice about any young children residing in the subject premises, and actual or constructive notice of any lead paint condition prior to receiving official notice of the violations, or knew of the hazards of lead-based paint to young children. However, the court erred in affording summary judgment to Cannatello/CAC Business Ventures, inasmuch as Cannatello's conclusory denial of knowledge that the apartment had been constructed at a time before lead-based interior paint was banned is insufficient to meet his initial prima facie burden. It is well settled that "the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986] [citations omitted]). Certainly, an individual or entity purchasing rental property is presumed to acquire sufficient documentation as to the age of the property. Something more than Cannatello's self-serving denial of knowledge of when the premises in question were constructed is required to demonstrate, prima facie, that he was not cognizant the apartment in which plaintiffs were living had been erected before lead-based interior paint was outlawed. There is also a triable question of fact as to whether Cannatello knew young children were living in the apartment. Concur—Mazzarelli, J.P., Catterson, Moskowitz and Acosta, JJ.