■ Wackinga Clark et al., Respondents, v Charles L. Davis et al., Appellants. [861 NYS2d 103]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered May 30, 2007, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Wackinga Clark leased premises from the defendants. On or about September 22, 2003, during the tenancy, her youngest daughter, the infant plaintiff, was diagnosed with an elevated lead level in her blood. By letter dated October 15, 2003, the Westchester County Department of Health (hereinafter the DOH) notified the defendants that test-

ing had revealed a lead paint hazard in the leased premises that needed to be remedied. The plaintiffs vacated the leased premises on or about April 30, 2004. They commenced this action to recover damages arising from the lead-based paint condition in the leased premises for exposure that allegedly occurred from on or about April 8, 2002 until April 30, 2004. This represents the period from shortly after the infant plaintiff's birth until the plaintiffs vacated the apartment. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion.

Concerning the period from on or about April 8, 2002 until October 15, 2003, the defendants demonstrated their prima facie entitlement to judgment as a matter of law on the issue of liability with evidence that they lacked actual or constructive notice of a lead-based paint condition in the plaintiffs' apartment (*see Harden v Tynatishon*, 49 AD3d 604 [2008]; *Lewis v Boyce*, 31 AD3d 395 [2006]; *Shafqat v Blackman*, 16 AD3d 574 [2005]). However, in opposition, the plaintiffs raised a triable issue of fact under *Chapman v Silber* (97 NY2d 9 [2001]). The testimony of the defendant Charles L. Davis at his examination before trial demonstrated that the defendants, at a minimum, assumed the duty to make repairs to the leased premises, knew that the leased premises were constructed at a time before lead-based interior paint was banned, knew that the ceiling in the kitchen had collapsed, and knew that a young child lived in the leased premises (*see Chapman v Silber*, 97 NY2d at 15). Wackinga Clark testified at her examination before trial that she informed the defendants that there were various areas in the leased premises where paint was chipping and peeling, and expressed her concern that the condition would pose a danger of lead poisoning to the infant plaintiff. Consequently, the defendants were properly denied summary judgment dismissing the complaint insofar as it concerned the period from on or about April 8, 2002 until October 15, 2003.

Concerning the period from October 15, 2003, until the plaintiffs vacated the leased premises, the defendants failed to demonstrate, prima facie, that they took reasonable precautionary measures to remedy the hazardous lead condition after they received actual notice of the same from the DOH, or that the plaintiffs did not sustain any additional injuries after such notice (*see Harden v Tynatishon*, 49 AD3d 604 [2008]). Thus, the defendants were properly denied summary judgment dismissing the complaint insofar as it concerned the period from October 15, 2003, until the plaintiffs vacated the leased premises.

The defendants' remaining contentions are without merit. Rivera, J.P., Ritter, Miller and Dillon, JJ., concur.