SECOND DEPARTMENT, JULY, 2008

(July 1, 2008)

■ HERIBERTO ANDUJAR, Respondent, v DOROTHY A. WYLONG, Appellant, et al., Respondents. [861 NYS2d 397]—

In an action to recover damages for personal injuries, the defendant Dorothy A. Wylong appeals from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered

March 29, 2007, which denied her motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.

Ordered that the order is affirmed, with costs.

The infant plaintiff, by his mother and natural guardian Jacqueline Quintanilla, commenced this action to recover damages for personal injuries allegedly arising from a lead-based paint condition in an apartment owned by and leased from the defendant Dorothy A. Wylong. The Supreme Court denied Wylong's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her. We affirm.

Wylong demonstrated her prima facie entitlement to judgment as a matter of law dismissing the complaint and all cross claims insofar as against her with evidence that she lacked actual or constructive notice of a lead-based paint condition in the infant plaintiff's apartment (*see Lewis v Boyce*, 31 AD3d 395 [2006]; *Shafqat v Blackman*, 16 AD3d 574 [2005]; *cf. Harden v Tynatishon*, 49 AD3d 604 [2008]). However, in opposition, the infant plaintiff raised a triable issue of fact as to such notice (*see Chapman v Silber*, 97 NY2d 9 [2001]; *Alonso v Coutinho Enters., LLC*, 35 AD3d 641 [2006]). The conflicting testimony as to whether Wylong was made aware of peeling and/or chipping paint in the apartment may not be resolved as a matter of law. Thus, summary judgment was properly denied. Rivera, J.P., Ritter, Miller and Dillon, JJ., concur.