JESUS VELEZ et al., Respondents-Appellants, v SOUTH NINE REALTY CORP. et al., Appellants-Respondents. [871 NYS2d 614]—

The Supreme Court properly denied the plaintiffs' motion for summary judgment on the issue of liability against the defendant South Nine Realty Corp. (hereinafter South Nine). The infant plaintiffs allegedly sustained injuries from exposure to lead paint while residing in an apartment building owned by South Nine. To establish their prima facie entitlement to summary judgment on the issue of liability, the plaintiffs were required to establish, as a matter of law, the existence of a lead hazard at the subject premises, that South Nine had actual or constructive notice of the condition, that South Nine failed to exercise reasonable care in remedying the condition, and that the infant plaintiffs' injuries were causally related to the condition at the subject premises (see *Chapman v Silber*, 97 NY2d 9, 22 [2001]; *Alonso v Coutinho Enters., LLC*, 35 AD3d 641 [2006]; *Shafqat v Blackman*, 16 AD3d 574 [2005]; *Zaman v Patwary*, 295 AD2d 424, 424-425 [2002]). The evidence submitted in support of the plaintiffs' motion failed to demonstrate, as a matter of law, that the infant plaintiffs' injuries were causally related to the condition at the subject premises. Since the plaintiffs failed to make a prima facie showing of their entitlement to judgment as a matter of law on the issue of liability, their motion should have been denied, regardless of the sufficiency of the opposing papers (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

The Supreme Court erred in denying that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants Steven Weil and Icik Meizlik. The defendants established prima facie that Weil, an employee of the managing agent of the premises, and Meizlik, the sole shareholder of South Nine, could not be held individually liable by demonstrating that neither one of them had complete control of the building or any duties related to remedying the hazardous condition (see *Matias v Mondo Props. LLC*, 43 AD3d 367 [2007]; *Worthy v New York City Hous. Auth.*, 21 AD3d 284, 284-285 [2005]; *Ali v Pacheco*, 19 AD3d 439, 440 [2005]; *Matter of Ramirez v City of*

*New York*, 13 AD3d 248 [2004]; *see generally* Administrative Code of City of NY § 27-2056.5). In opposition, the plaintiffs failed to raise a triable issue of fact.

The decision of whether to grant leave to amend a pleading is generally left to the sound discretion of the trial court (*see Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]; *M. Kramer & Sons v Facilities Dev. Corp.*, 135 AD2d 942 [1987]). Where, however, "an application for leave to amend is sought after a long delay and the case has been certified as ready for trial, 'judicial discretion in allowing such amendments should be discrete, circumspect, prudent and cautious' " (*Countrywide Funding Corp. v Reynolds*, 41 AD3d 524, 525 [2007], quoting *Clarkin v Staten Is. Univ. Hosp.*, 242 AD2d 552 [1997]).

Here, the Supreme Court improvidently exercised its discretion in granting the defendants leave to amend their answer to assert release and satisfaction as an affirmative defense with respect to the individual claim of the plaintiff Pablo Velez. The defendants failed to offer a reasonable excuse for the inordinate delay in their application for leave to amend, which was made nearly five months after the third note of issue and certificate of readiness were filed and nearly 12 years and five months from the time the defendants last amended their answer, where the proposed amendment was based upon factual circumstances known at the time of the commencement of the action (*see Keating v Nanuet Bd. of Educ.*, 44 AD3d 623 [2007]; *Chernow v Chernow*, 39 AD3d 684 [2007]; *Clarkin v Staten Is. Univ. Hosp.*, 242 AD2d 552 [1997]; *Mohammed v City of New York*, 242 AD2d 321, 322 [1997]; *see also Gallo v Aiello*, 139 AD2d 490, 491 [1988]). Moreover, under the circumstances of this case, such affirmative defense was patently insufficient and devoid of merit (*cf. Glassman v ProHealth Ambulatory Surgery Ctr., Inc.*, 23 AD3d 522, 523 [2005]; *Santangelo v City of New York*, 66 AD2d 880, 881 [1978]). Fisher, J.P., Carni, McCarthy and Belen, JJ., concur.