██ Ashelie Seye et al., Respondents, v Ralph Sibbio, Appellant, et al., Defendant. [878 NYS2d 87]—

In an action to recover damages for personal injuries, etc., the defendant Ralph Sibbio appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated November 30, 2007, as denied that branch of his motion which was for summary judgment dismissing the complaint insofar as asserted against him, with leave to renew.

Ordered that the order is affirmed insofar as appealed from, with costs.

The infant plaintiff and her mother, suing derivatively, commenced this action alleging that the infant plaintiff suffered lead poisoning as a result of exposure to lead paint while residing in the second floor apartment of a two-family house. During the plaintiffs' tenancy, the defendant Roberto Demperio sold the premises to the defendant Ralph Sibbio. The plaintiffs moved out of the building a few days before Sibbio received an order to abate nuisance. Before any of the parties were deposed, Sibbio moved for summary judgment dismissing the complaint insofar as asserted against him, contending, inter alia, that he did not know that young children resided in the apartment or that there was a hazardous condition in the apartment before he received the order to abate nuisance. The Supreme Court denied the motion, with leave to renew. We affirm.

Absent controlling legislation, a tenant suing a landlord for injuries caused by lead paint poisoning must show that the landlord "(1) retained a right of entry to the premises and assumed a duty to make repairs, (2) knew that the apartment was constructed at a time before lead-based interior paint was

banned, (3) was aware that paint was peeling on the premises, (4) knew of the hazards of lead-based paint to young children and (5) knew that a young child lived in the apartment" (*Chapman v Silber*, 97 NY2d 9, 15 [2001]; *see Harden v Tynatishon*, 49 AD3d 604, 605 [2008]). In response to Sibbio's prima facie demonstration of his entitlement to judgment as a matter of law (*see Clark v Davis*, 52 AD3d 639 [2008]; *Lewis v Boyce*, 31 AD3d 395 [2006]; *Shafqat v Blackman*, 16 AD3d 574 [2005]; *Batista v Mohabir*, 291 AD2d 365 [2002]), the plaintiffs submitted evidence sufficient to raise a triable issue of fact (*see Andujar v Wylong*, 53 AD3d 465 [2008]). Additionally, the motion was premature since substantial discovery remained outstanding (*see* CPLR 3212 [f]; *Patterson v Brennan*, 292 AD2d 582 [2002]). Fisher, J.P., Angiolillo, Balkin and Belen, JJ., concur.