◼ PEDRO RODRIGUEZ et al., Appellants, v NONGYAW TRAKAN-SOOK, Respondent. [887 NYS2d 860]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Lane, J.), dated July 9, 2008, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The infant plaintiffs allegedly suffered lead poisoning as a result of exposure to lead paint while residing in a two-family house owned by the defendant. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint on the ground that the defendant established that she had no notice of the hazardous condition. We affirm.

To establish that a landlord is liable for a lead-paint condition, a plaintiff must demonstrate that the landlord had actual or constructive notice of, and a reasonable opportunity to rem-

edy, the hazardous condition (*see Chapman v Silber*, 97 NY2d 9 [2001]; *Vidal v Rodriquez*, 301 AD2d 517, 517-518 [2003]; *McCabe v Hans*, 298 AD2d 565, 566 [2002]; *Batts v Intrebor, Inc.*, 297 AD2d 692 [2002]).

The defendant met her initial burden of demonstrating that she had no prior actual or constructive notice of a dangerous lead-paint condition (*see Vidal v Rodriquez*, 301 AD2d at 518; *McCabe v Hans*, 298 AD2d at 565-566; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In response, the affidavit of the injured plaintiffs' mother was insufficient to raise a triable issue of fact, because it constituted an attempt to avoid the consequences of her earlier deposition testimony by raising feigned issues of fact (*see Karwowski v New York City Tr. Auth.*, 44 AD3d 826, 827 [2007]; *Stancil v Supermarkets Gen.*, 16 AD3d 402 [2005]; *Christopher v New York City Tr. Auth.*, 300 AD2d 336 [2002]; *Bongiorno v Penske Auto. Ctr.*, 289 AD2d 520, 521 [2001]; *Bloom v La Femme Fatale of Smithtown*, 273 AD2d 187 [2000]). Mastro, J.P., Balkin, Eng and Leventhal, JJ., concur. [*See* 2008 NY Slip Op 32077(U).]