CHRISTOPHER RIVAS et al., Appellants, v ROBERT DANZA et al., Defendants, and CRUCIATA & SONS, LLC, Respondent. [891 NYS2d 104]—

The infant plaintiffs were diagnosed with lead poisoning in July 2002 when they and their family were tenants in an apartment in a two-family building owned by the defendant Cruciata & Sons, LLC (hereinafter Cruciata). Cruciata had acquired title to the subject building on June 24, 2002 from the defendants Robert Danza and Steven Fleissig. The New York City Department of Health and Mental Hygiene (hereinafter the DHMH), inspected the subject apartment on July 26, 2002 and found unlawfully high levels of lead on the painted surfaces of radiators and on exterior window casings. The DHMH issued an order to abate nuisance to Cruciata on August 1, 2002 directing, inter alia, removal of the violations, which included the removal of the lead paint on the exterior window casings. Although Cruciata contracted with a nonparty to perform the abatement, the contractor failed to fully abate the premises. Ultimately, the DHMH did not declare the premises free of violations until November 6, 2002.

The plaintiffs commenced this action against Cruciata, among others, to recover damages for personal injuries allegedly resulting from the infant plaintiffs' exposure to lead paint for the period after Cruciata took title in June 2002. Cruciata moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that it promptly abated the lead condition upon receipt of actual notice of the lead condition, and that it lacked constructive notice of any dangerous lead-paint condition prior to receiving the order to abate nuisance from the DHMH. The Supreme Court granted Cruciata's motion for summary judgment. We reverse.

"[A]bsent controlling legislation, a triable issue of fact is raised when a plaintiff shows that the landlord (1) retained a right of entry to the premises and assumed a duty to make repairs, (2) knew that the apartment was constructed at a time before lead-based interior paint was banned, (3) was aware that paint was peeling on the premises, (4) knew of the hazards of lead-based paint to young children and (5) knew that a young child lived in the apartment" (*Chapman v Silber,* 97 NY2d 9, 15 [2001]).

On its motion for summary judgment, Cruciata failed to meet its prima facie burden of establishing that it lacked constructive notice of a hazardous lead condition at the premises both as of the date it acquired title to the premises and subsequent to its attempts to abate the condition (*see Harden v Tynatishon,* 49

AD3d 604 [2008]). Moreover, Cruciata failed to demonstrate the absence of triable issues of fact, since the deposition testimony and affidavits of the plaintiff Nicole Austin and of Cruciata's principal, as well as documentary evidence submitted on the motion, revealed the existence of triable issues fact as to whether, inter alia, Cruciata was aware of the presence of children and of the dangers of lead paint, whether there was peeling paint present in the subject apartment, the age of the subject building, and whether young children would be living there (*see Johnson v CAC Bus. Ventures, Inc.,* 52 AD3d 327 [2008]; *Parra v Lopez,* 293 AD2d 458 [2002]).

In addition, the evidence presented by Cruciata failed to demonstrate that it took reasonable precautionary measures to remedy the hazardous lead condition after it received actual notice thereof from the DHMH, or that the infant plaintiffs did not sustain any additional injuries after Cruciata received notice of this condition (*see Galicia v Ramos,* 303 AD2d 631, 632-633 [2003]; *Woods v Alvarez,* 300 AD2d 301, 302 [2002]; *Bellony v Siegel,* 288 AD2d 411, 412 [2001]). Thus, the Supreme Court erred in granting Cruciata's motion for summary judgment dismissing the complaint insofar as asserted against it. Mastro, J.P., Santucci, Belen and Chambers, JJ., concur.