■■■ HOMESTEAD DEVELOPMENT CORP., Respondent, v BARRY AYRES et al., Appellants. [665 NYS2d 240] —Order unanimously modified on the law and as modified affirmed with costs to defendants in accordance with the following Memorandum: Supreme Court properly granted that part of plaintiff's motion for summary judgment dismissing the fifth affirmative defense in the answer. The contention that a complaint fails to state a cause of action is not properly asserted as an affirmative defense (*see, Guglielmo v Roosevelt Hosp. Staff Hous. Co.*, 222 AD2d 403; *Propoco, Inc. v Birnbaum*, 157 AD2d 774, 775; *Falk v MacMasters*, 197 App Div 357, 362), and, in any event, the complaint alleges facts constituting a cause of action for breach of contract and seeks specific performance.

The court erred, however, in granting that part of plaintiff's motion for summary judgment dismissing the first affirmative defense, which alleges fraud in the inducement. Because the parties' agreement does not contain a merger clause disclaiming reliance on the representation that allegedly induced defendants to enter into the agreement, parol evidence is admissible to establish the fraudulent inducement (*cf., Danann Realty Corp. v Harris*, 5 NY2d 317, 320-321; *Schooley v Mannion*, 241 AD2d 677). Plaintiff failed to meet its initial burden to submit evidence concerning the alleged fraudulent inducement that would warrant judgment in its favor as a matter of law (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). (Appeal from Order of Supreme Court, Monroe County, Stander, J.—Summary Judgment.) Present—Denman, P. J., Green, Wisner, Balio and Boehm, JJ.