(October 21, 2002)

■ ANNAMARIE ABREU et al., Respondents, v LUCITA C. HUANG et al., Appellants. (And a Third-Party Action.) [751 NYS2d 410] —Motion by the respondents for leave to reargue an appeal from an order of the Supreme Court, Queens County, dated August 10, 2000, which was determined by decision and

order of this Court dated November 26, 2001 [288 AD2d 410], or, in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court.

Upon the papers filed in support of the motion, and upon the papers filed in opposition thereto, it is

Ordered that the branch of the motion which is for leave to appeal to the Court of Appeals is denied; and it is further,

Ordered that the branch of the motion which is for leave to reargue is granted, and upon reargument, the decision and order of this Court dated November 26, 2001, is recalled and vacated, and the following decision and order is substituted therefor:

In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (LaTorella, J.), dated August 10, 2000, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The infant plaintiff allegedly suffered lead poisoning as a result of exposure to lead paint in her apartment in a building owned by the defendants. To establish that a landlord is liable for a lead-paint condition, a plaintiff must demonstrate that the landlord had actual or constructive notice of, and a reasonable opportunity to remedy, the hazardous condition (see *Chapman v Silber,* 97 NY2d 9; *Brown v Paul,* 290 AD2d 469). The plaintiffs raised a triable issue of fact as to whether the defendants had constructive notice under the circumstances of this case (see *Chapman v Silber, supra*). Contrary to the defendants' contention, there is evidence from which a jury could infer that they knew or should have known of the dangers of lead paint to children. Therefore, the defendants' motion for summary judgment dismissing the complaint was properly denied. Florio, J.P., Krausman, Friedmann and Adams, JJ., concur.