■ BRUCE ALDRICH et al., Individually and as Parents and Natural Guardians of CHRISTOPHER ALDRICH et al., Infants

Under Age of 14 Years, Respondents, v COUNTY OF ONEIDA, Respondent, and LORRAINE A. PTAK, Appellant. [750 NYS2d 412] —Appeal from an order of Supreme Court, Oneida County (Tenney, J.), entered February 2, 2001, which, upon reargument, denied the cross motion of defendant Lorraine A. Ptak seeking summary judgment dismissing the complaint against her.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action against defendant County of Oneida (County) and Lorraine A. Ptak (defendant) seeking to recover damages arising from the exposure of their children to lead paint in 1993 while living in an apartment in a building owned by defendant. In 1992 the County discovered a lead condition in the other apartment in the same building. Defendant appeals from an order which, upon reargument, adhered to that part of its prior order granting the motion of the County seeking summary judgment dismissing the complaint against it and denied the cross motion of defendant seeking summary judgment dismissing the complaint against her.

Supreme Court did not abuse its discretion in granting plaintiffs' motion for leave to reargue (see Melendez v Methodist Hosp., 203 AD2d 435; Ebasco Constructors v A.M.S. Constr. Co., 195 AD2d 439, 440). Contrary to defendant's contention, "[a] Judge on reargument need not have new material facts presented in order to grant leave to reargue" (Delcrete Corp. v Kling, 67 AD2d 1099, 1099).

Furthermore, upon reargument, the court properly denied the cross motion of defendant seeking summary judgment dismissing the complaint against her. Contrary to the contention of defendant, there is a triable issue of fact whether she had constructive notice of a lead paint condition in plaintiffs' apartment arising from her "actual notice of a lead [paint] condition in [the other] apartment in the same building" (Rodriguez v Amigo, 244 AD2d 323, 324; see Batts v Intrebor, 297 AD2d 692; see also Lo Jacono v Schieder, 281 App Div 799). We reject the further contention of defendant that the court should have adhered to its prior order granting her cross motion because plaintiffs failed to establish the existence of a lead paint condition in their apartment. Defendant failed to meet her initial burden of proof on this issue and she cannot establish her entitlement to summary judgment by pointing to alleged gaps in plaintiffs' proof (see Frank v Price Chopper Operating Co., 275 AD2d 940, 941). In any event, there is

circumstantial evidence that such a condition existed in the apartment while plaintiffs lived there. Contrary to the additional contention of defendant, whether it was reasonable for her to rely upon the County's 1992 inspection to discover the full extent of the lead paint condition in her building is for a trier of fact to resolve (*see Ugarriza v Schmieder*, 46 NY2d 471, 474). We have reviewed defendant's remaining contention and conclude that it is without merit. Present—Green, J.P., Wisner, Hurlbutt, Burns and Gorski, JJ.