■ DOMINIC GIANGROSSO, Respondent, v KUMMER DEVELOPMENT CORPORATION et al., Respondents, and CONCEPT CONSTRUCTION CORP., Appellant, et al., Defendants. [778 NYS2d 332]—

Appeal from an order of the Supreme Court, Erie County (Eugene M. Fahey, J.), entered October 8, 2003. The order, insofar as appealed from, denied the motion of defendant Concept Construction Corp. for summary judgment dismissing the complaint in its entirety against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he was struck by a large piece of concrete that fell from a mezzanine in a storage area. Supreme Court properly denied the motion of defendant Concept Construction Corp. (Concept) seeking summary judgment dismissing the complaint in its entirety against it. Concept failed to establish in support of the motion that its nine workers who were working on the day of the accident were not on the mezzanine from which the concrete fell or that those workers could not have caused the concrete to fall. Thus, Concept failed to meet its initial burden

of establishing its entitlement to judgment as a matter of law (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Homestead Dev. Corp. v Ayres*, 244 AD2d 928 [1997]). Concept contends that it is entitled to summary judgment because a jury could find it liable based only on mere speculation (*see generally Maggi v Innovax Methods Group Co.*, 250 AD2d 576, 578 [1998], *lv denied* 92 NY2d 819 [1999]; *Camillery v Halfmann*, 184 AD2d 488, 489 [1992]). That contention is raised for the first time on appeal and therefore is not properly before us (*see Gorman v Ravesi*, 256 AD2d 1134 [1998]). In any event, that contention lacks merit because "[a] moving party must affirmatively establish the merits of its cause of action or defense and does not meet its burden by noting gaps in its opponent's proof" (*Orcutt v American Linen Supply Co.*, 212 AD2d 979, 980 [1995]). Present—Hurlbutt, J.P., Scudder, Gorski and Hayes, JJ.