■ ANITA JACKSON, Individually and as Parent and Natural Guardian of MARCUS V. GLASS, JR., and Others, Infants, Respondent, v JANICE BROWN et al., Appellants, et al., Defendants. [809 NYS2d 727]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered March 3, 2005. The order, insofar as appealed from, denied that part of the motion of defendants Janice Brown and Elmer Coble for summary judgment dismissing the complaint with respect to infants Marcus V. Glass, Jr. and Crystal S. Glass against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for lead poisoning allegedly sustained by her children as a result of the condition of a series of residences rented by plaintiff, including property owned by Janice Brown and Elmer Coble (defendants), where plaintiff and her oldest two children had resided. Supreme Court properly denied that part of the motion of defendants for summary judgment dismissing the complaint with respect to the oldest two children against them.

Contrary to the contention of defendants, they failed to meet their initial burden on the motion with respect to the issue of causation. Defendants did not demonstrate the absence of a lead paint condition at the residence and, as we have repeatedly held, "[a] moving party must affirmatively establish the merits of its cause of action or defense and does not meet its burden by noting gaps in its opponent's proof" (*Orcutt v American Linen Supply Co.*, 212 AD2d 979, 980 [1995]; *see Giangrosso v Kummer Dev. Corp.*, 8 AD3d 1037, 1038 [2004]; *Aldrich v County of Oneida*, 299 AD2d 938, 939 [2002]). In any event, we conclude that plaintiff raised an issue of fact with respect to causation by presenting "circumstantial evidence that such a [lead paint] condition existed in the apartment while [she and her two oldest children] lived there" (*Aldrich*, 299 AD2d at 940).

Also contrary to the contention of defendants, there is a triable issue of fact with respect to whether they had actual or constructive notice of a lead paint hazard on the premises. Even assuming, arguendo, that defendants demonstrated their entitlement to judgment as a matter of law with respect to actual or constructive notice (*see generally Molina v Belasquez*, 1 AD3d 489 [2003]; *Patterson v Brennan*, 292 AD2d 582 [2002]), we conclude that plaintiff raised an issue of fact with respect thereto (*see Chapman v Silber*, 97 NY2d 9, 20-22 [2001]). In opposing the motion, plaintiff established that defendants retained a right of entry with respect to the premises and assumed a duty to make repairs, and that defendants knew that young children lived in the apartment (*see id.* at 15). Additionally, plaintiff presented evidence from which it may be inferred that defendants knew that the apartment was constructed at a time before lead-based interior paint was banned, knew that paint was peeling on the premises, and knew of the hazards of lead-based paint to young children (*see id.*; *see also Abreu v Huang*, 298 AD2d 471, 472 [2002]; *Batts v Intrebor, Inc.*, 297 AD2d 692 [2002]; *Wynn v T.R.I.P. Redevelopment Assoc.*, 296 AD2d 176, 180-182 [2002]). Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Green, JJ.