■ TONY VELOZ, an Infant, by His Mother and Natural Guardian, YLUMINADA VELOZ, et al., Appellants, v REFIKA REALTY

Co., a Partnership Consisting of Nazif Kolenovic and Another, et al., Respondents, et al., Defendant. [831 NYS2d 399]—

Order, Supreme Court, Bronx County (Dianne T. Renwick, J.), entered April 1, 2005, which, in an action for injuries allegedly caused by lead po isoning, granted motions by defendants building owner, hospital and pediatrician for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant building owner showed good cause for its delay in moving for summary judgment.

Through its expert's affirmation, the owner established its entitlement to summary judgment on the ground that the infant plaintiff did not suffer any physical or cognitive injuries stemming from the alleged lead poisoning, thus shifting the burden to plaintiffs to raise an issue of fact. Plaintiffs' expert's affirmation failed to do so. For example, he states that impairments similar to those he saw in the infant plaintiff—sequencing movements in assembling multicomponent objects, visuospatial memory and speed of processing visual information, all in association with normal functioning in other neuropsychological domains—"have been described as sequelae of early childhood exposure to lead." However, the expert does not cite any particular scientific literature, nor does he identify which impairments were so described, who so described them, the similarity of those so described to those he saw in plaintiff, and at what level of exposure to lead such impairments have been observed. He thus fails to support either the general proposition that early exposure to lead results in such impairments or his specific conclusion that plaintiff's early exposure resulted in the impairments he saw (see Buchholz v Trump 767 Fifth Ave., LLC, 5 NY3d 1, 8-9 [2005]; cf. Andon v 302-304 Mott St. Assoc., 94 NY2d 740, 746 [2000]). Plaintiffs' argument that courts have recognized that low blood lead levels can be injurious (citing Williamsburg Around the Bridge Block Assn. v Giuliani, 223 AD2d 64, 66 [1996]; Matter of New York City Coalition to End Lead Poisoning v Vallone, 100 NY2d 337, 342-343 [2003]), and that lead ingestion can cause injury by impairing heme synthesis (citing, inter alia, Vega v S.S.A. Props., Inc., 13 AD3d 298, 301 [2004]), improperly substitutes findings and comments in judicial decisions for evidence that impairments like those alleged here can be caused by low blood lead levels. Concur—Mazzarelli, J.P., Marlow, Buckley, Sweeny and Kavanagh, JJ.