■ Cara Kodjovi, an Infant, by Her Mother and Natural Guardian, Marjory Kodjovi, Appellant, v Trustees of Columbia University in the City of New York, Respondent. [915 NYS2d 251]—

Judgment, Supreme Court, New York County (Edward H. Lehner, J.), entered June 5, 2009, dismissing the complaint, and bringing up for review an order, same court and Justice, entered May 7, 2009, unanimously reversed, on the law, without costs, and the complaint reinstated. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

On its motion for summary judgment, defendant failed to meet its burden of establishing prima facie that plaintiff did not suffer an injury causally related to her exposure to lead paint. The very affidavits by two of plaintiff's experts on which defendant relied in its moving papers were based on numerous well accepted neurological tests and reflected a loss of at least seven IQ points and an impairment of perceptual-motor abilities attributable to lead poisoning (*see Veloz v Refika Realty Co.*, 38 AD3d 299 [2007], *lv denied* 9 NY3d 817 [2008]).

Even were we to find that defendant made its prima facie showing, we would deny its motion on the ground that plaintiff raised an issue of fact with her expert submissions demonstrating that she experienced a decrease in IQ and an impairment of motor skills causally related to lead poisoning. Concur—Gonzalez, P.J., Mazzarelli, Moskowitz, Acosta and Román, JJ.