■ JOHN WHITEHOUSE, Appellant, v PRIORITY HOME CARE, INC., et al., Respondents, et al., Defendant. [945 NYS2d 47]—

Judgment, Supreme Court, Bronx County (Norma Ruiz, J.), entered April 6, 2011, dismissing the complaint, unanimously affirmed, without costs.

In this action arising from plaintiff's fall on a stairway leading to his second-floor apartment, plaintiff alleges that defendants Priority Home Care, Inc., Premier Home Health Care Services, Inc., and Center for Urban Community Services, which are government approved and funded service facilitators for with people with traumatic brain injury, were negligent for, inter alia, placing him in an apartment on the second floor of a non-elevator building. Defendants moved for summary judgment dismissing the complaint, arguing, inter alia, that they did not owe a duty to plaintiff and that there was no causal connection between plaintiff's fall on the steps and the injury complained of, amputation of his left leg. Defendants established their entitlement to judgment as a matter of law through the affidavit of their expert physician, a vascular surgeon, who opined that plaintiff's fall was not a substantial contributing factor to the amputation which was the result of severe underlying vascular disease in plaintiff's lower extremities. In opposition to the motion, plaintiff failed to raise an issue of fact as to defendants' alleged negligence in placing him in the subject apartment. Plaintiff agreed to the placement, signed the lease voluntarily and did not express any dissatisfaction with the apartment, nor did he appear to have any difficulty navigating the steps (*see e.g. Veloz v Refika Realty Co.*, 38 AD3d 299 [2007]).

Moreover, the court properly rejected the submission of plaintiff's second affirmation in opposition, dated June 14, 2010,

which provided, for the first time, a medical expert's affirmation asserting that plaintiff's fall was the proximate cause of the amputation of his left leg. The affirmation was served after the court ordered deadline for submissions, without leave of court and without any explanation for its untimeliness. Even assuming that the court should have considered the affirmation, it failed to address several medical records which attributed the amputation to plaintiff's pre-existing deep vein thrombosis, including a failed femoral-popliteral artery by-pass graft. Thus, plaintiff's expert's conclusion that plaintiff's fall proximately caused the amputation of his left leg was speculative and failed to raise an issue of fact sufficient to defeat summary judgment (*see Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Andrias, Saxe, DeGrasse and Román, JJ.