# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**141**

**CA 13-01247**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND VALENTINO, JJ.

---

DANYELLE KRAMER, AS PARENT AND NATURAL GUARDIAN
OF LINCOLN LAW, JR., PLAINTIFF-APPELLANT,

V                                                   MEMORANDUM AND ORDER

JOHN GRIECO, JR., MICHAEL A. RUDA, SABRA A. RUDA,
DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANTS.

---

LOTEMPIO & BROWN, P.C., BUFFALO (RAFAEL O. GOMEZ OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

BURGIO, KITA, CURVIN & BANKER, BUFFALO (STEVEN P. CURVIN OF COUNSEL),
FOR DEFENDANT-RESPONDENT JOHN GRIECO, JR.

---

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Donna M. Siwek, J.), entered October 17, 2012 in a personal injury action. The order and judgment granted defendant John Grieco, Jr.'s motion for summary judgment dismissing the second amended complaint against him.

It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff, as parent and natural guardian of her son, commenced this action on behalf of her son, seeking damages for injuries he allegedly sustained as the result of his exposure to lead paint in an apartment rented by plaintiff from John Grieco, Jr. (defendant). Supreme Court properly granted defendant's motion for summary judgment dismissing the second amended complaint against him.

"It is well settled that in order for a landlord to be held liable for injuries resulting from a defective condition upon the premises, the plaintiff must establish that the landlord had actual or constructive notice of the condition for such a period of time that, in the exercise of reasonable care, it should have been corrected" (*Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 646; *see Stokely v Wright*, 111 AD3d 1382, 1382). Plaintiff does not contend that defendant had actual notice of the dangerous condition at issue and, with respect to constructive notice, we note that the Court of Appeals in *Chapman v Silber* (97 NY2d 9, 15) wrote that constructive notice of a hazardous, lead-based paint condition may be established by proof "that the landlord (1) retained a right of entry to the premises and assumed a duty to make repairs, (2) knew that the apartment was constructed at a

time before lead-based interior paint was banned, (3) was aware that paint was peeling on the premises, (4) knew of the hazards of lead-based paint to young children and (5) knew that a young child lived in the apartment."

Even assuming, arguendo, that defendant failed to meet his initial burden of establishing that there is no triable issue of fact with respect to the fourth *Chapman* factor, i.e., the knowledge of hazards factor (*see generally Jackson v Brown*, 26 AD3d 804, 805), we conclude that defendant met his burden with respect to the first and third *Chapman* factors, i.e., the right of entry factor and the peeling paint factor, and that plaintiff failed to raise an issue of fact in opposition thereto (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered:  February 7, 2014                    Frances E. Cafarell
                                              Clerk of the Court