■  HECTOR ORTIZ et al., Respondents, v GARY P. LEHMANN, Individually and Doing Business as HERITAGE DEVELOPMENT CORPORATION, Respondent, and GENESEE VALLEY GROUP, LTD., Appellant, et al., Defendant. [988 NYS2d 739]—

Appeal from an order of the Supreme Court, Monroe County (John J. Ark, J.), entered January 11, 2013. The order denied the motion of defendant Genesee Valley Group, Ltd. for summary judgment seeking dismissal of the plaintiffs' claims against it and dismissal of the cross claim asserted by defendant Gary P. Lehmann, individually and doing business as Heritage Development Corporation.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by plaintiff Hector Ortiz and Jazmine Casado, an infant under the age of 18, between 1994 and 1997 as a result of exposure to lead paint while residing in a rental unit in Rochester that was owned by defendant Heritage Development Corporation (Heritage) and managed by defendant Genesee Valley Group, Ltd. (GVG). At all times relevant, defendant Gary P. Lehmann was the president of Heritage and one of two shareholders. During the occupancy of the rental unit by Hector and Jazmine, Heritage retained GVG to provide real property management services. In April 1994, the Monroe County Department of Health (DOH) issued a lead paint violation notice to Heritage and GVG. On June 23, 1994, following abatement by GVG in May 1994, DOH confirmed that lead paint violations at the unit had been "corrected." However, blood lead level tests performed on Hector and Jazmine on June 7, 1994 indicated increases from tests conducted prior to the abatement process performed by GVG.

In a single cause of action, plaintiffs asserted claims for negligent ownership and maintenance of the premises, as well as negligent abatement of the lead paint hazard. GVG moved for summary judgment dismissing the complaint and Lehmann's cross claim for contribution and/or indemnification on the ground that it did not own or exclusively control the rental unit or perform any affirmative act of negligence with respect thereto. Supreme Court denied the motion.

Contrary to GVG's contention, the court properly denied that part of its motion for summary judgment dismissing plaintiffs' claim based on nonfeasance and Lehmann's cross claim. There

are issues of fact concerning the scope and extent of GVG's control over the property, which if "complete and exclusive" could render GVG liable for nonfeasance in abating the lead-based paint condition (*see Ortiz v Gun Hill Mgt., Inc.*, 81 AD3d 512, 513 [2011]; *German v Bronx United in Leveraging Dollars*, 258 AD2d 251, 252 [1999]).

Also contrary to GVG's contention, the court properly denied that part of its motion seeking summary judgment dismissing the claim for negligent abatement of the lead-based paint hazard. A managing agent may be liable for affirmative acts of negligence, such as negligent lead paint abatement, notwithstanding a lack of ownership or exclusive control (*see Jones v Park Realty*, 168 AD2d 945, 946 [1990], *affd* 79 NY2d 795 [1991]), and GVG failed to meet its initial burden of establishing that it performed no affirmative acts of negligence in its paint abatement efforts. Even assuming, arguendo, that GVG met its initial burden with respect to that claim, we conclude that the evidence submitted by plaintiffs raised triable issues of fact whether GVG took reasonable measures to abate the lead paint hazard after it received actual notice thereof and whether plaintiffs sustained additional injuries after GVG received such notice (*see Pagan v Rafter*, 107 AD3d 1505, 1506-1507 [2013]). We therefore conclude that the court properly denied GVG's motion in its entirety. Present—Scudder, P.J., Smith, Carni, Lindley and Whalen, JJ.