# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**498**

**CA 14-01753**

PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.

---

WILMONT WOOD, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

DAVID GIORDANO, DEFENDANT-APPELLANT,
AND GERALD BREEN, III, DEFENDANT-RESPONDENT.

---

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP, WHITE PLAINS (JEREMY BUCHALSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.

ATHARI & ASSOCIATES, LLC, NEW HARTFORD (MO ATHARI OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (John J. Ark, J.), rendered December 6, 2013.  The order, inter alia, denied the motion of defendant David Giordano for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  Plaintiff's mother commenced this action seeking damages for injuries that plaintiff allegedly sustained as a result of ingesting lead paint while living in, inter alia, an apartment owned by David Giordano (defendant).  Plaintiff was substituted as a party upon attaining majority.  Defendant thereafter moved for summary judgment dismissing the complaint and cross claims against him, and plaintiff cross-moved for partial summary judgment on liability against both defendants.  Supreme Court denied the motion and cross motion, and defendant appeals.

Initially, we note that defendant did not establish his entitlement to summary judgment with respect to one of the two causes of action against him, i.e., the cause of action for negligent abatement of the lead-based paint hazard, inasmuch as he failed to address that cause of action in support of his motion and, indeed, he has not addressed it on appeal (*see generally Ronan v Northrup*, 245 AD2d 1119, 1119).  Thus, the court properly denied defendant's motion with respect to that cause of action.

We conclude that the court properly denied defendant's motion with respect to the remaining cause of action, for negligently allowing a dangerous lead paint condition to exist on the premises. In order "[t]o establish that a landlord is liable for a lead-paint condition, a plaintiff must demonstrate that the landlord had actual

or constructive notice of, and a reasonable opportunity to remedy, the hazardous condition" (*Rodriguez v Trakansook*, 67 AD3d 768, 768-769; *see Hamilton v Picardo*, 118 AD3d 1260, 1261, *lv denied* 24 NY3d 904). Where, as here, there is no evidence that the landlord had actual notice of the existence of a hazardous lead paint condition, plaintiff may establish that defendant had constructive notice of such condition by demonstrating that the landlord "(1) retained a right of entry to the premises and assumed a duty to make repairs, (2) knew that the apartment was constructed at a time before lead-based interior paint was banned, (3) was aware that paint was peeling on the premises, (4) knew of the hazards of lead-based paint to young children and (5) knew that a young child lived in the apartment" (*Chapman v Silber*, 97 NY2d 9, 15). Defendant conceded that he was aware that a young child lived in the subject premises, and we conclude that he failed to meet his burden on the four remaining *Chapman* factors (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). Even assuming, arguendo, that defendant met his initial burden with respect to those four factors, we conclude that plaintiff raised issues of fact with respect to them (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered:  May 8, 2015                                    Frances E. Cafarell
                                                        Clerk of the Court