# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**625**

**CA 14-01788**

PRESENT: SMITH, J.P., CARNI, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

JESSICA MANFORD, PLAINTIFF-RESPONDENT,

V                                                        MEMORANDUM AND ORDER

FRED M. WILBER, DEFENDANT-APPELLANT.

---

KNYCH & WHRITENOUR, LLC, SYRACUSE (MATTHEW E. WHRITENOUR OF COUNSEL), FOR DEFENDANT-APPELLANT.

ATHARI & ASSOCIATES, LLC, NEW HARTFORD (MO ATHARI OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Oswego County (James W. McCarthy, J.), entered December 19, 2013. The order, among other things, denied defendant's motion for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages arising from her exposure to lead paint as a child when she resided for approximately one year in an apartment owned by defendant. Defendant appeals from an order denying his motion for summary judgment dismissing the complaint. We affirm. Initially, we reject defendant's contention that he was entitled to summary judgment with respect to plaintiff's negligent abatement cause of action. Because there is evidence in the record that plaintiff's blood lead level rose during the period in which the abatement was performed by defendant, there are issues of fact whether the abatement was negligently performed and whether plaintiff "sustained additional injuries after [defendant] received . . . notice" of the lead paint condition (*Ortiz v Lehmann*, 118 AD3d 1389, 1390; *see Pagan v Rafter*, 107 AD3d 1505, 1506-1507).

We also reject defendant's further contention that he is entitled to summary judgment because he met his initial burden on the issue of causation and plaintiff failed to raise a triable issue of fact. The parties submitted opposing affidavits of medical experts on the issue whether plaintiff's claimed injuries were caused by lead paint exposure and, if so, how and when she was exposed, including whether she had been exposed to lead from sources unconnected with defendant. Under those circumstances, "neither party has established entitlement to summary judgment on the issue of causation" (*Derr v Fleming*, 106 AD3d 1240, 1243).

Finally, we reject defendant's remaining contention that he was entitled to summary judgment because he established that he had neither actual nor constructive knowledge of the hazards of lead paint to young children, the fourth factor in the five-factor test set forth in *Chapman v Silber* (97 NY2d 9, 20-21), which "remain[s] the bas[is] for determining whether a landlord knew or should have known of the existence of a hazardous lead paint condition" (*Watson v Priore*, 104 AD3d 1304, 1305, *lv dismissed in part and denied in part* 21 NY3d 1052). Despite his persistent denials of any knowledge of the hazards of lead paint to young children, defendant testified that he worked for several years in a painters' union and had experience in remodeling homes and renting apartments that were inspected by the United States Department of Housing and Urban Development. We conclude that defendant's testimony is sufficient evidence "from which a jury could infer that [he] knew or should have known of the dangers of lead paint to children. Therefore, . . . defendant['s] motion for summary judgment dismissing the complaint was properly denied" (*Abreu v Huang*, 298 AD2d 471, 472; *see Jackson v Vatter*, 121 AD3d 1588, 1589; *cf. Williams v Thomas*, 112 AD3d 1274, 1276, *lv denied* 22 NY3d 865).

Entered:  May 8, 2015                         Frances E. Cafarell
                                              Clerk of the Court