# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**982**

**CA 15-00244**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, WHALEN, AND DEJOSEPH, JJ.

---

SCOTT BOWMAN, PLAINTIFF-APPELLANT,

                V                           MEMORANDUM AND ORDER

JEANETTE E. ZUMPANO, JOHN S. ZUMPANO,
DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANTS.

---

ATHARI & ASSOCIATES, LLC, NEW HARTFORD (MO ATHARI OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

FELDMAN KIEFFER, LLP, BUFFALO (ALAN J. BEDENKO OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Oneida County (Patrick
F. MacRae, J.), entered September 11, 2014. The order granted the
motion of defendants Jeanette E. Zumpano and John S. Zumpano for
summary judgment and dismissed the complaint against them.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is denied
and the complaint against defendants Jeanette E. Zumpano and John S.
Zumpano is reinstated.

Memorandum: Plaintiff commenced this action seeking damages for
injuries he allegedly sustained as a result of his exposure to lead
paint as a child. The exposure allegedly occurred when plaintiff
resided in an apartment (hereafter, premises) rented by his mother
from defendants-respondents (defendants). Plaintiff asserted as a
first cause of action that defendants were negligent in their
ownership and maintenance of the premises and, as a second cause of
action, that defendants were negligent in the abatement of the lead
paint hazard. We agree with plaintiff that Supreme Court erred in
granting defendants' motion for summary judgment dismissing the
complaint against them.

As a preliminary matter, we note that the court erred in
conducting a separate analysis for each of the two defendants inasmuch
as defendants purchased the premises during their marriage and are co-
owners thereof (*cf. Turner v Davis*, 105 AD3d 946, 948), and we
determine the issues on appeal from that perspective. With respect to
the first cause of action, we conclude that, even assuming, arguendo,
defendants met their initial burden of establishing as a matter of law
that they lacked constructive notice of a lead paint hazard at the

premises, plaintiff raised triable issues of fact.  Specifically, "plaintiff submitted evidence from which it may be inferred that defendant[s] knew that paint was peeling on the premises" (*Jackson v Vatter*, 121 AD3d 1588, 1589), and "evidence from which a jury could infer that [defendants] knew or should have known of the dangers of lead paint to children" (*Abreu v Huang*, 298 AD2d 471, 472; *see Jackson v Brown*, 26 AD3d 804, 805).  With respect to the second cause of action, we likewise conclude that, even assuming, arguendo, defendants established their entitlement to judgment as a matter of law dismissing that cause of action, "the evidence submitted by plaintiff raised triable issues of fact whether defendant[s] took reasonable measures to abate the lead paint hazard after they received actual notice thereof" (*Pagan v Rafter*, 107 AD3d 1505, 1506-1507).

Entered:  October 9, 2015                        Frances E. Cafarell
                                                 Clerk of the Court