# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**102**
**CA 15-01111**
PRESENT: WHALEN, P.J., SMITH, CENTRA, CARNI, AND SCUDDER, JJ.

---

MARILYN RODRIGUES, MADELINE RODRIGUES, AND
ANIBAL RODRIGUES, PLAINTIFFS-APPELLANTS,

V                                              MEMORANDUM AND ORDER

ROBERT LESSER, ET AL., DEFENDANTS,
AND CATHERINE M. PIRILLO, DEFENDANT-RESPONDENT.

---

ATHARI & ASSOCIATES, LLC, NEW HARTFORD (ANDREW L. BOUGHRUM OF
COUNSEL), FOR PLAINTIFFS-APPELLANTS.

MCGIVNEY & KLUGER, P.C., SYRACUSE (ERIC M. GERNANT, II, OF COUNSEL),
FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Oneida County (Patrick
F. MacRae, J.), entered December 15, 2014.  The order granted the
motion of defendant Catherine M. Pirillo for summary judgment
dismissing the complaint and all cross claims against her.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is denied,
and the complaint and cross claims against defendant Catherine M.
Pirillo are reinstated.

Memorandum:  Plaintiffs commenced this action seeking damages for
injuries they allegedly sustained as a result of their exposure to
lead paint as children.  The exposure allegedly occurred when they
resided in various apartments rented by their mother, including one
owned by Catherine M. Pirillo (defendant).  Plaintiffs contended that
defendant was negligent in her ownership and maintenance of the
apartment and that she was negligent in her abatement of the lead
paint hazard.  We agree with plaintiffs that Supreme Court erred in
granting defendant's motion for summary judgment dimissing the
complaint and cross claims against her.

Due to the fact that New York State has not enacted legislation
imposing a duty on landlords to test for or abate lead-based paint
hazards, a landlord's liability for such a dangerous condition will be
based on "traditional common-law principles," meaning that "a landlord
may be found liable for failure to repair a dangerous condition, of
which it has notice, on leased premises if the landlord assumes a duty
to make repairs and reserves the right to enter in order to inspect or
to make such repairs" (*Chapman v Silber*, 97 NY2d 9, 19-20).  Put
another way, the " 'plaintiff must demonstrate that the landlord had

actual or constructive notice of, and a reasonable opportunity to remedy, the hazardous condition' " (*Pagan v Rafter*, 107 AD3d 1505, 1506).

In moving for summary judgment, defendant contended that there was no evidence of a hazardous condition in the apartment; that, even if such a condition did exist, she lacked notice of it; and that any exposure to that condition in defendant's apartment was not a cause of the injuries claimed by plaintiffs.  There can be no dispute that the existence of chipping and peeling lead-based paint is, in fact, a hazardous condition inasmuch as "[t]he serious health hazard posed to children by exposure to lead-based paint is by now well established" (*Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 640).  Defendant failed to meet her burden on the motion of establishing as a matter of law that a hazardous condition did not exist in the apartment.  It is well settled that "[a] moving party must affirmatively establish the merits of its cause of action or defense and does not meet its burden by noting gaps in its opponent's proof" (*Orcutt v American Linen Supply Co.*, 212 AD3d 979, 980; *see Jackson v Brown*, 26 AD3d 804, 805) and, here, as in *Jackson*, defendant failed to establish "the absence of a lead paint condition at the residence" (*Jackson*, 26 AD3d at 805; *see Aldrich v County of Oneida*, 299 AD2d 938, 939).

We further conclude that defendant failed to meet her burden of establishing that she lacked either actual or constructive notice of the condition.  On the issue of actual notice, defendant denied knowing that there was lead paint in the apartment, but she admitted receiving some documents from the Oneida County Department of Health indicating the presence of lead paint at that apartment.  Even assuming, arguendo, that defendant's admission is insufficient to establish actual notice, we nevertheless conclude that defendant failed to establish as a matter of law that she lacked constructive notice of the condition.

In *Chapman*, the Court of Appeals addressed constructive notice, writing that "a triable issue of fact [on notice] is raised when [the evidence] shows that the landlord (1) retained a right of entry to the premises and assumed a duty to make repairs, (2) knew that the apartment was constructed at a time before lead-based interior paint was banned, (3) was aware that paint was peeling on the premises, (4) knew of the hazards of lead-based paint to young children and (5) knew that a young child lived in the apartment" (*id.* at 15).  Here, it is undisputed that defendant retained a right of entry and assumed a duty to make repairs; that she knew that the residence was constructed before lead-based paint was banned; and that she knew that young children lived in the apartment.  Defendant, however, contended that she did not know that the paint in the apartment was peeling or that lead-based paint was hazardous to children.

By submitting the deposition testimony of plaintiffs' mother, wherein she alleged that she complained to defendant and defendant's mother, who resided in the building, about peeling and chipping paint in the apartment, defendant herself raised triable issues of fact on the third *Chapman* factor concerning notice.  With respect to the

fourth *Chapman* factor on notice, defendant submitted her deposition testimony in which she admitted that she "suppose[d]" that lead was bad for people if ingested.  Even assuming, arguendo, that such an admission does not raise a triable issue of fact on defendant's awareness of the dangers of lead paint, we conclude that plaintiffs raised a triable issue of fact by submitting " 'evidence from which a jury could infer that [defendant] knew or should have known of the dangers of lead paint to children' " (*Bowman v Zumpano*, 132 AD3d 1357, 1358; *see Manford v Wilber*, 128 AD3d 1544, 1545, *lv dismissed* 26 NY3d 1082).

Contrary to the contention of defendant, she also failed to meet her burden of establishing that any exposure to lead at defendant's apartment was not a cause of the psychiatric and cognitive injuries sustained by plaintiffs inasmuch as defendant submitted reports from a clinical psychologist attributing plaintiffs' injuries to their exposure to lead as children (*cf. Veloz v Refika Realty Co.*, 38 AD3d 299, 300, *lv denied* 9 NY3d 817).  In any event, we further conclude that plaintiffs raised triable issues of fact on causation by submitting an affirmation from a medical expert opining that the cause of plaintiffs' injuries was plaintiffs' "significant" exposure to lead.  We thus conclude that there are triable issues of fact whether plaintiffs' "cognitive and behavioral difficulties were caused by [their] exposure to lead-based paint while [they] lived in [defendant's] apartment" (*Robinson v Bartlett*, 95 AD3d 1531, 1535).

Finally, we conclude that the court erred in dismissing the negligent abatement cause of action "inasmuch as [defendant] failed to address that cause of action in support of [her] motion" (*Wood v Giordano*, 128 AD3d 1488, 1489; *see Stokely v Wright*, 111 AD3d 1382, 1383; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).  In any event, defendant failed to establish as a matter of law that she performed the abatement in a reasonable manner and within a reasonable time after learning that there was lead paint in the apartment (*see Pagan*, 107 AD3d at 1506-1507).

Entered:  February 5, 2016                    Frances E. Cafarell
                                              Clerk of the Court