# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**598**

**CA 15-01383**

PRESENT: CENTRA, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND SCUDDER, JJ.

---

MARILYN RODRIGUES, MADELINE RODRIGUES
AND ANIBAL RODRIGUES, PLAINTIFFS-APPELLANTS,

V                                        MEMORANDUM AND ORDER

ROBERT LESSER, ET AL., DEFENDANTS,
JOSEPH J. TIMPANO, AS ADMINISTRATOR OF THE
ESTATE OF MARIO BEVIVINO, DECEASED, AND
ANTONIA BEVIVINO, DEFENDANTS-RESPONDENTS.

---

ATHARI & ASSOCIATES, LLC, NEW HARTFORD (ANDREW BOUGHRUM OF COUNSEL),
FOR PLAINTIFFS-APPELLANTS.

BAILEY, KELLEHER & JOHNSON, P.C., ALBANY (SYMA AZAM OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Oneida County (Patrick F. MacRae, J.), entered May 7, 2015. The order, insofar as appealed from, upon reargument, granted in part the motion for summary judgment of decedent, Mario Bevivino, and defendant Antonia Bevivino and dismissed the complaint against Mario Bevivino to the extent it alleged claims for the period of August 1992 through September 15, 1992.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied in its entirety with respect to decedent, Mario Bevivino, and the complaint is reinstated against defendant Joseph J. Timpano, as administrator of decedent's estate.

Memorandum: Plaintiffs commenced this action seeking damages for injuries they sustained as a result of their exposure to lead paint as children. The exposure allegedly occurred when they resided at various apartments rented by their mother, including one owned by decedent, Mario Bevivino, who died during the pendency of this action, and defendant Antonia Bevivino, his wife. The administrator of decedent's estate has been substituted as a defendant for decedent. Plaintiffs alleged that the Bevivinos were negligent in their ownership and maintenance of the apartment and in their abatement of the lead paint hazard. The Bevivinos moved for summary judgment dismissing the complaint against them, and Supreme Court granted the motion with respect to Antonia but denied it with respect to decedent. They subsequently moved for leave to reargue the motion and, upon reargument, the court granted the motion in part with respect to

decedent, dismissing plaintiffs' claims for the time period from the date of first occupancy to the date on which decedent was notified by the Oneida County Department of Health of a lead-paint hazard.  We agree with plaintiffs that the court erred, upon reargument, in granting the motion in part with respect to decedent.

"In order '[t]o establish that a landlord is liable for a lead-paint condition, a plaintiff must demonstrate that the landlord had actual or constructive notice of, and a reasonable opportunity to remedy, the hazardous condition' " (*Wood v Giordano*, 128 AD3d 1488, 1489).  Where, as here, there is no evidence that the landlord had actual notice, plaintiffs may establish that the landlord had constructive notice of such condition by demonstrating that the landlord "(1) retained a right of entry to the premises and assumed a duty to make repairs, (2) knew that the apartment was constructed at a time before lead-based interior paint was banned, (3) was aware that paint was peeling on the premises, (4) knew of the hazards of lead-based paint to young children and (5) knew that a young child lived in the apartment" (*Chapman v Silber*, 97 NY2d 9, 15).  Here, it is undisputed that decedent retained a right of entry and assumed a duty to make repairs, but the remaining *Chapman* factors are in dispute.

By submitting the deposition testimony of plaintiffs' mother, wherein she testified that she told decedent that she would be living at the residence with her young children, decedent and Antonia raised a triable issue of fact on the fifth *Chapman* factor.  Similarly, decedent's own deposition testimony raised a triable issue of fact on the second *Chapman* factor inasmuch as he testified that the subject residence was old, that lead was taken out of gasoline in 1970, and he "must have known" that laws regarding lead started to come out in the 1970s (*see generally id.* at 22).  Even assuming, arguendo, that decedent and Antonia met their initial burden on the third and fourth *Chapman* factors, we conclude that plaintiffs raised triable issues of fact by submitting " 'evidence from which it may be inferred that [decedent] knew that paint was peeling on the premises' . . . , and 'evidence from which a jury could infer that [decedent] knew or should have known of the dangers of lead paint to children' " (*Bowman v Zumpano*, 132 AD3d 1357, 1358; *see Manford v Wilber*, 128 AD3d 1544, 1544-1545, *lv dismissed* 26 NY3d 1082).

Finally, the present contentions concerning the negligent abatement cause of action against decedent are not properly before us in the absence of a cross appeal by decedent and Antonia (*see Matter of Sheldon v Jaroszynski*, 142 AD3d 762, 762).

Entered:  May 5, 2017                                    Frances E. Cafarell
                                                        Clerk of the Court