Hannah v Lanpher (2019 NY Slip Op 07187)





Hannah v Lanpher


2019 NY Slip Op 07187


Decided on October 4, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, NEMOYER, AND TROUTMAN, JJ.


900 CA 19-00306

[*1]KAYONA HANNAH, PLAINTIFF-APPELLANT, ET AL., PLAINTIFF,
v
CHRISTOPHER LANPHER, MARIE LANPHER AND KARL WEEKES, INDIVIDUALLY, AND DOING BUSINESS AS MELKAR ENTERPRISES, LLC, DEFENDANTS-RESPONDENTS. 






ATHARI & ASSOCIATES, LLC, NEW HARTFORD (MO ATHARI OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, NEW YORK CITY (JEREMY M. BUCHALSKI OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.


 Appeal from a judgment and order (one paper) of the Supreme Court, Monroe County (John J. Ark, J.), entered December 4, 2018. The judgment and order granted the motion of defendants for summary judgment dismissing the complaint with respect to plaintiff Kayona Hannah. 
It is hereby ORDERED that the judgment and order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated with respect to plaintiff Kayona Hannah.
Memorandum: Plaintiffs commenced this action to recover damages for injuries allegedly caused by childhood exposure to lead paint in an apartment owned or managed by defendants. Defendants moved for summary judgment dismissing the complaint with respect to Kayona Hannah (plaintiff). Supreme Court granted the motion, and plaintiff appeals. We reverse, deny the motion, and reinstate the complaint with respect to plaintiff.
We agree with plaintiff that the court erred in granting the motion. "[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Here, defendants met their initial burden by submitting plaintiff's own deposition testimony together with her medical and school records, which demonstrate an absence of cognitive deficits or mental health issues causally connected to lead exposure (see generally Hamilton v Miller, 23 NY3d 592, 602-603 [2014]; Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980], rearg denied 52 NY2d 784 [1980]). Plaintiff, however, raised triable issues of fact by submitting the report of an expert who diagnosed her with a major neurocognitive disorder due to lead toxicity and who concluded, based on scientific data and plaintiff's medical history, that plaintiff's cognitive deficits were most likely caused by childhood lead exposure (cf. Adrian T. v Millshan Realty Co., LLC, 147 AD3d 473, 474-475 [1st Dept 2017]; Veloz v Refika Realty Co., 38 AD3d 299, 300 [1st Dept 2007], lv denied 9 NY3d 817 [2008]).
Finally, we further agree with plaintiff that defendants failed to meet their initial burden insofar as they sought summary judgment on the ground that the action with respect to plaintiff is time-barred (see Larkin v Rochester Hous. Auth., 81 AD3d 1354, 1355 [4th Dept 2011]; see also CPLR 214-c [2]).
Entered: October 4, 2019
Mark W. Bennett
Clerk of the Court