J.A. v Mandy Assoc., LLC (2025 NY Slip Op 02035)

J.A. v Mandy Assoc., LLC

2025 NY Slip Op 02035

Decided on April 08, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 08, 2025

Before: Kern, J.P., Mendez, Rodriguez, Pitt-Burke, Higgitt, JJ. 

Index No. 27470/18|Appeal No. 3822, M-2025-00424|Case No. 2024-05063|

[*1]J.A., an Infant by Her Father and Natural Guardian Jamal A., et al., Plaintiffs-Appellants,
v
Mandy Associates, LLC, Defendant-Respondent, The Morgan Group, LLC, Defendant. Cooper Square Committee; Senator Cordell Cleare; Charles Gilbert, Ph.D.; The Legal Aid Society; Morri Markowitz, M.D.; New York City Coalition to End Lead Poisoning; New York League of Conservation Voters Education Fund; New York Public Interest Research Group Fund, Inc.; New York City Council Member Pierina Sanchez; Tenants Political Action Committee; and We Act for Environmental Justice, Amici Curiae.

The Frankel Law Firm, New York (Reuven S. Frankel of counsel), for appellants.
Harris Beach Murtha Cullina PLLC, New York (Brian D. Ginsberg of counsel), for respondent.
Northern Manhattan Improvement Corporation Legal Services, New York (Matthew J. ChachÈre of counsel), for amici curiae.

Order, Supreme Court, Bronx County (Veronica G. Hummel, J.), entered on or about July 11, 2024, which denied plaintiffs' motion for partial summary judgment as to liability and causation on their first and second causes of action against defendant Mandy Associates, LLC, unanimously affirmed, without costs.
Regardless of whether Mandy's failure to comply with the turnover provision of Local Law 1 (2004) (Administrative Code of City of NY § 27-2056.8) provided some evidence of its negligence (see Baez v 1749 Grand Concourse LLC, 178 AD3d 520, 522 [1st Dept 2019]; Constantiner v Sovereign Apts., Inc., 165 AD3d 539, 540 [1st Dept 2018]), plaintiffs' motion was properly denied, because triable issues of fact exist as to whether J.A.'s lead exposure proximately caused her alleged injuries (see S.T. v 1727-29 LLC, 189 AD3d 10, 19 [1st Dept 2020]).
Although plaintiffs' expert opined that J.A.'s chronic exposure to high concentrations of lead was a cause of her headaches and "inhibited the production of heme," a component of hemoglobin, J.A. also presented with an average I.Q. and her school records reflect that she exceeded grade level expectations during the 2022-2023 school year. Mandy's expert, who also assessed J.A., found no evidence that she has sustained any medical, neurobehavioral, academic, or cognitive decrement in function as a result of lead exposure; identified several relevant causative factors to which many of the alleged injuries could have been attributed; and noted that, despite her admittedly elevated blood lead level, she exhibited normal growth and cognitive development, had no documented behavior issues, and excelled academically without requiring specialized attention or programming.
Plaintiffs argue that heme inhibition is itself a physical injury in tort sufficient to maintain the causes of action. Plaintiff's expert, however, asserted only in conclusory terms that the production of heme had been "inhibited," without describing what is meant by or occurs in "inhibition" of a process generally or this process specifically (see JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 384-385 [2005]). The expert did not opine that plaintiff actually experienced the purportedly deleterious effects associated with such inhibition. Plaintiffs also failed to demonstrate that such inhibition produced physical symptoms (see Bygrave v NY City Hous. Auth., 65 AD3d 842, 847 [1st Dept 2009]) or actual injuries (see Concepcion v Walsh, 38 AD3d 317, 318 [1st Dept 2007]; see Vega v S.S.A. Props., Inc., 13 AD3d 298, 302 [1st Dept 2004]). Mandy's opposition was thus irrelevant (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
"Summary judgment should not be granted where there is any doubt as to the existence of a factual issue or where the existence of a factual issue is arguable" (Matter of New York City Asbestos Litig., 33 NY3d 20, 25 [2019] [internal quotation marks omitted]). Further, we must view the facts in the light most [*2]favorable to defendants as the non-movants (see id.), and to find that plaintiffs met their prima facie burden here would require us to do otherwise.
Dicta from other decisions purportedly recognizing heme inhibition, in and of itself, to be a physical injury is not a substitute for submitting sufficient admissible proof to affirmatively demonstrate, as a party must when moving for summary judgment, the absence of triable issues of fact and the entitlement to judgment as a matter of law (see Veloz v Refika Realty Co., 38 AD3d 299, 300 [1st Dept 2007], lv denied 9 NY3d 817 [2008]). It is furthermore apparent that any legal conclusions were based on evidentiary showings that the parties here have not had an occasion to address in motion practice.
M-2025-00424 J.A., an infant by her father and natural guardian Jamal A. v Mandy Associates, LLC
Motion to strike portions of appellants' reply brief, denied. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 8, 2025